JOHN BLACK *et al. v.* JAMES K. BLACK.

*(Nashville.* December Term, 1915.)

**EXECUTORS AND ADMINISTRATORS.** Inventory. Jurisdiction of county court.

Under Shannon's Code, sec. 4039, providing that any person interested in a decedent's estate may at any time before final settlement suggest to the court that the representative has not returned a complete inventory, and the articles omitted shall be debited to the representative at their value, unless he can show a sufficient legal reason for leaving them out of the inventory, and section 6027, subd. 4, conferring original jurisdiction on the county court over the settlements of executors or administrators, while the county court has no jurisdiction of a petition to require an administrator to charge himself with a sum with which he had charged himself as administrator of another estate, when considered as an independent and original action drawing into question the title to property, it has jurisdiction of such a petition as a suggestion that the administrator has not returned a complete inventory.

Cases cited and approved: Linnville v. Darby, 60 Tenn., 307; Dean v. Snelling, 49 Tenn., 484; Walsh v. Crook, 91 Tenn., 388; Taliaferro v. Wright, 1 Shan. Cas., 178.

Codes cited and construed: Secs. 3977, 4031-4040, 4046, 4048, 4050, 6027, 6030 (S.).

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—A. G. RUTHERFORD, Judge.

CHAS. GILBERT, for petitioners.

M. T. BRYAN, for administrator.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This action originated by a petition filed in the county court by John Black *et al.*, as heirs at law of Miss Jennie Black, who died intestate, owning certain personal property in said county, in 1913. Prior to her death she had qualified as administratrix c. t. a. of the estate of her brother, Nathaniel Black, but she died before she had filed an inventory as such personal representative. After her death James K. Black qualified as administrator c. t. a. of the estate of Nathaniel Black, and also qualified as administrator of the estate of Miss Jennie Black, and as administrator of each of these estates James K. Black, on September 27, 1913, filed in the county court an inventory. In each of these inventories he charged himself with certain personal property, the items of which were fully set out. One of the items of the inventory which he filed as administrator of the estate of Nathaniel Black is the sum of one thousand seven hundred and sixteen dollars and thirty-eight cents. On February 2, 1914, the petition in the present action was filed against said administrator. It averred that he had fraudulently charged the

above cash item against himself as administrator of
Nathaniel Black, when in fact and law the cash repre-
sented by that item was no part of the estate of Na-
thaniel, but was part of the estate of Miss Jennie
Black, and should have been charged to said admin-
istrator in his inventory of her estate; that his error
had been called to his attention, but he had refused to
correct it. The petition also averred that Black, the
administrator, had fraudulently substituted glass set-
tings for diamond settings in several pieces of valuable
jewelry, including earrings, rings, and a watch, part
of the estate of Miss Jennie Black, and that certain of
the jewels owned by her estate had been sold by the
administrator at prices much below their value; that
all this had been fraudulently done, to the prejudice of
the rights of petitioners. The petition prayed for pro-
cess, etc., and that the administrator be compelled to
charge himself with the said one thousand seven hun-
dred and sixteen dollars and thirty-eight cents in the
inventory of the estate of Miss Jennie Black, etc.; that
said administrator be compelled to account for said
jewelry and charge himself with its true value. The
petition also prayed for general relief.

The administrator, by way of defense, met this peti-
tion by a demurrer, based on the following grounds:
First, that the petition was prematurely filed, under
the provisions of section 4007, Shannon's Code; sec-
ond, that the court was without jurisdiction to enter-
tain the petition; third, that the petition was unknown
to the forms of law. The probate court sustained the

demurrer and dismissed the petition, and taxed petitioners with the costs, to which action petitioners excepted and prayed an appeal to the circuit court. They were unsuccessful both in that court and in the court of civil appeals, and they have brought the case to us upon petition for *certiorari*.

It is manifest that all the courts have fallen into error upon this matter. Each of them went off upon the idea that the county court had no jurisdiction to entertain the petition as the beginning of an independent and original action drawing into question the title to property. Viewed from that aspect the petition was not maintainable. *Linnville* v. *Darby*, 1 Baxt. (60 Tenn.), 307; *Dean* v. *Snelling*, 2 Heisk. (49 Tenn.), 484; *Walsh* v. *Crook*, 7 Pick. (91 Tenn.), 388, 19 S. W., 19. But the true view is that the probate court should have sustained the petition as a suggestion filed in that court under section 4039 of Shannon's Code, which provides:

"Any person interested in any deceased person's estate as legatee, distributee, widow, or creditor, may, at any time before final settlement of such estate, suggest to the court and show by proof that the representative has not returned a complete inventory, and the article or articles omitted in the inventory shall be debited to the representative at the value thereof, unless he can show a sufficient legal reason for leaving the same out of the inventory."

See, also, section 3977, Shannon's Code.

By section 6027 of Shannon's Code, and subsection 4 thereof, original jurisdiction is conferred on that court over the settlements of executors or administrators. For provisions in the same Code regulating the rendering of accounts and the settlement of their respective trusts by administrators and executors, see sections 4031 and 4046, Shannon's Code. The section 4039 of Shannon's Code is intended to confer upon any person interested in an estate of any one of the classes named in that section the right to intervene *in limine* in the settlement of that estate and suggest error in the very first step which the personal representative is required to take after his qualification in the execution of his trust. The purpose of the section is to enable persons so interested in the estate while looking after their interests to aid the county court and the clerk in seeing to it that the personal representative begins his accounting on a correct basis. One of the sections above referred to provides:

"When an account has been finally settled by the county court, either party may appeal from the judgment of the court to the chancery (court) or circuit court, and the appeal shall be brought before the chancellor or circuit judge at his first session in such county or district, and it shall be sufficient to take up on said appeal only so much of the record as will suffice to present the matter complained of in the decision below."

See section 4040, Shannon's Code.

Section 6030 of Shannon's Code, in connection with section 6027 and the fourth subdivision thereof, vests

the county court with all of the power and authority necessary and proper to the exercise of the jurisdiction conferred upon it. Under section 4031 of that Code the power is given, and the duty imposed upon the clerk to take and state the accounts of an executor or administrator, and such representative is guilty of contempt of the county court if he fail to appear and settle when cited to do so. See section 4033. This legislation was construed by this court in *Taliaferro* v. *Wright,* where the bill was filed by the distributees and legatees within seven months after the defendant had qualified as executor. It was insisted that the executor had two years in which to settle up the estate, and that he could not be so sued until after that time; to sustain which insistence sections 4048 to 4050, inclusive, of Shannon's Code, were relied on. This court said:

"We are not aware that the question has been adjudicated in this State. But it has been decided by the supreme court of North Carolina upon the same statute. Judge Gaston says: 'The act of assembly making it obligatory on executors to settle the estate at the end of two years after the administration shall have begun, does not authorize them to defer the settlement until that time without necessity; and it is competent for those interested to file their bill, or present their petition for such a settlement as soon as they think proper —the proceedings on such a bill or petition being under the control of the court, who can prevent a premature

decision thereon and have the question of costs at their disposition.' "

This court, in the same case, said further:

"There is no reason why the persons entitled to an estate should be delayed two years when it is known there are no debts. If this be doubtful, the court will see that no injustice is done the executor by a premature decree against him, but will hold up the case or see that he is fully secured or indemnified."

In the further course of the opinion the court makes reference to the proper course of procedure in such cases. See *Taliaferro* v. *Wright,* 1 Shan. Cases, 178.

The petition in the present case was not a bill in chancery filed by distributees and legatees for the purposes discussed in the case last above cited. The scope of the petition has already been indicated. The case last above cited is here mentioned merely in order to indicate the construction which this court has placed upon the legislation therein referred to. When an executor or administrator is cited to make settlement, under section 4033, Shannon's Code, the parties interested are entitled to notice of the time of stating the account (see section 4034, Shannon's Code); and the personal representative may be examined on oath (see section 4035, Shannon's Code). For sufficient cause the settlement may be continued from time to time. See section 4036, Shannon's Code. The clerk shall charge the accounting party "with all sums of money as he has received, or might have received by using due and reasonable diligence, and shall credit him with

a reasonable compensation, . . . and with such disbursements as he supports by lawful vouchers." See section 4037, Shannon's Code. "Any person interested in the estate may except to the account after it has been stated by the clerk, and, if dissatisfied with the clerk's decision of the exceptions, may appeal to the court, or he may except when it is presented to the court." See section 4038, Shannon's Code. As has been already shown by a quotation from section 4040, Shannon's Code, an appeal may be taken from the judgment of the county court to the chancery court, or the circuit court. Our statutes above referred to must be construed *in pari materia*, and they disclose the purpose of the legislation to be that parties interested in the estate of the classes mentioned are entitled to be heard in the county court *in limine* from the very beginning of the accounting in that forum until the final judgment is rendered on the final account of the personal representative, be he executor or be he administrator. Such personal representatives are express trustees, and are chargeable with strict fidelity to their trusts. The beneficiaries under the trusts are persons of the classes named in section 4039. The petitioners in the present case were beneficiaries of a trust in which the defendant Black, as administrator, was a trustee, and the petition was a proper suggestion to the county court within the meaning of section 4039 of Shannon's Code, that the representative Black had not returned a complete inventory; moreover, the petition was specific and definite, and pointed out the respects in which the inventory was incomplete, and in which

the representative had been unfaithful to his trust; therefore it was the duty of the county court to entertain the petition, and not to dismiss it as was done at the point of the defendant's demurrer. The conduct of the defendant in demurring to such a petition did not commend him to the favorable consideration of the court. His trust was one, as we observe, which required of him the utmost good faith. The petition made charges against him of the utmost bad faith. The petition should have been met by an answer, and not by a demurrer; especially as the petition was one in which the county court had the clearest jurisdiction, and was under the clearest duty to entertain and take appropriate action upon.

We have sufficiently indicated the course of action which should be taken upon the petition as a suggestion under section 4039 of Shannon's Code, upon the remand of the cause to the county court.

In various phases the legislation embodied in sections 4031 to 4046, Shannon's Code, has been before this court for construction. These cases are collated and referred to under the appropriate sections, in Mr. Shannon's recent work entitled "Citations of Constitution, Code and Acts of Tennessee." See pages 119 and 120.

For reasons already indicated the judgment of the court of civil appeals is reversed, and this cause is remanded to the county court of Davidson county, to be proceeded with in accord with the rights of the petitioners, as indicated in this opinion, and a copy hereof will go down with the *procedendo* on the remand.