JAMES A. PARKES *v*. WILLIAM PARKES.

April Term, 1878.

CHANCERY COURT — LOCAL JURISDICTION BY SERVICE OF PROCESS. — Any Chancery Court, within whose territorial limits the defendant is served with process, has jurisdiction of a bill filed by a distributee of an estate against the administrator, for a settlement of the administration and the recovery of the complainant's distributive share, although the bill states on its face that the defendant was appointed administrator in another Chancery District by the County Court of the county in which the intestate resided at his death, and of which the defendant was at the filing of the bill a resident citizen, the bill further stating that the defendant had never made a full settlement of his administration in the court of his appointment, as required by law, but had settled with all the distributees except the complainant.

*Baxter Smith*, for complainant.
*D. Campbell*, for defendant.

THE CHANCELLOR : — William Parkes, Sr., died intestate, in Lawrence county, Tennessee, and the defendant was appointed by the County Court of that county administrator of his estate, and qualified as such. The complainant, as a distributee of the estate, files this bill for a settlement of the administration, and to recover his distributive share. The bill alleges that the defendant has never made a settlement of his administration, but only a partial and *ex parte* settlement with the County Court clerk at the time specified. It further alleges that the defendant has settled with the other distributees, but refuses to settle with complainant. The bill states on its face that the defendant is a citizen of Lawrence County, temporarily in this county, and prays process against him, which has been executed in this county. The defendant has demurred to the jurisdiction of the court, the demurrers resting upon the ground that the jurisdiction of the subject-matter is either in the County Court of Lawrence County or in the Chancery Court of the district in which that county is situated, and not in this county.

It is not denied that equity acts *in personam*, and may, therefore, exercise jurisdiction wherever the defendant may be found. *Arglasse* v. *Muschamp*, 1 Vern. 75, 135 ; *Toller* v. *Carteret*, 2 Vern. 494 ; *Penn* v. *Lord Baltimore*, 1 Ves. 444. This principle is not only recognized by our decisions, but has been embodied in the Code. *Childress* v. *Perkins*, Cooke, 87 ; *Newman* v. *Stuart*, Cooke, 339 ; Code, sec. 4305. "The Court of Chancery," says the Code, "acts ordinarily *in personam*, and suit may be instituted wherever the defendant, or any material defendant, is found, unless otherwise prescribed by law." The argument is, that section 4311, subsection 1, does otherwise prescribe. That subsection is : "The bill may be filed in the chancery district in which the defendant or a material defendant resides ; and if, upon inquiry at his residence, he is not to be found, he may be proceeded against by publication or judicial attachment, as herein provided." But the object of this provision was to give the court jurisdiction when the defendant could not, for any reason, be personally served with process. It simply says, if you cannot execute process on him, you may nevertheless proceed against him, and all other persons necessary, by filing your bill in the county of his residence, and making publication or attaching his property. It was neither intended to, nor does it, deprive any other court of equity of the jurisdiction it may be able to acquire over the person by actual service of process.

It is also argued, in support of the demurrer, that the County Court of Lawrence County must be held to have jurisdiction by the settlement mentioned in the bill, and by its general jurisdiction under section 2312 of the Code. But even a complete settlement in the County Court is, by the express provisions of the Code, sec. 2305, only *primâ facie* evidence in favor of the accounting party. *Elrod* v. *Lancaster*, 2 Head, 575 ; *Milly* v. *Harrison*, 7 Coldw. 213. And certainly greater efficacy could not be conceded to a partial and *ex parte* settlement. And the learned counsel

has overlooked the fact that section 2312 has been construed by the Supreme Court, in *Bowers* v. *Lester*, 2 Heisk. 456, to be limited to summary applications where, by simple calculation from recognized full settlements, a distributive share can be ascertained, and as not affecting in any way the general and inherent jurisdiction of the Court of Chancery over administrations.

The demurrers are, therefore, not well taken to the jurisdiction of the court. And the complainant being entitled to the relief sought, he is, of course, entitled to the discovery, and the production of books and papers necessary to that relief, and the demurrers directed to such discovery and production must be overruled also.