ROBERTA CHESTER *v.* JOE TURNER *et al.*\*

(*Nashville.* December Term, 1925.)

1. **EQUITY.** "Existing laws" in statute giving chancery courts jurisdiction incident to court of equity thereby mean statutory and common law of State (Shannon's Annotated Code, Section 6088).

"Existing laws," within Shannon's Annotated Code, section 6088, giving chancery courts all powers and jurisdiction incident to court of equity by such laws, mean statutory and common law of State. (*Post, p.* 459.)

Cases cited and approved: Lake v. McDavitt, 81 Tenn., 29; Jordan v. Everett, 93 Tenn., 394; Kelly v. Conner, 122 Tenn., 339.

Code cited and construed: Sec. 6088 (S.).

2. **EQUITY.**

Chancery court has inherent jurisdiction, independent of statute, to determine complicated disputes in settlement of estates. (*Post, pp.* 459-464.)

Cases cited and approved: Bowers v. Lester, 49 Tenn., 462; Parkes v. Parkes, 3 Tenn. Ch., 647; State v. Anderson, 84 Tenn., 321; Stewart v. Glenn, 50 Tenn., 583.

Code cited and construed: Sec. 4048 (S.).

3. **EQUITY.** Act authorizing distributee to apply to county, circuit, or chancery court of county of administration to compel payment

(451)

of share does not deprive chancery court of jurisdiction to determine complicated disputed question as to who is entitled to money in administrator's hands (Shannon's Annotated Code, Section 4048).

Shannon's Annotated Code, section 4048, authorizing distributee of decedent's estate to apply to county, circuit, or chancery court of county in which administration was taken out to compel payment of his share, does not deprive chancery court of jurisdiction to hear and determine complicated disputed question as to who is entitled to money in administrator's hands. (*Post, p.* 464.)

4. **EQUITY.**

Court of equity has jurisdiction to compel distribution of decedent's estate before expiration of two years in proper case. (*Post, pp.* 464-467.)

Cases cited and approved: Hobbs v. Craige, 23 N. C., 337; Willeford v. Watson, 59 Tenn., 476.

Cases cited and distinguished: Taliaferro v. Wright, 1 Shan. Cas., 178; Murgitroyde v. Cleary, 84 Tenn., 539.

Code cited and construed: Sec. 6088 (S.).

5. **COURTS.** Shelby county probate court's concurrent jurisdiction with chancery court cannot be extended to cases not set out in statute conferring it (Shannon's Annotated Code, sections 387, 389).

Shelby county probate court's concurrent jurisdiction with chancery court, under Shannon's Annotated Code, sections 387, 389, cannot be extended to cases not set out therein, and it has no broader powers than county court, except in particular cases enumerated. (*Post. pp.* 467, 468.)

Case cited and distinguished: England v: Pearson, 84 Tenn., 447.

Code cited and construed: Secs. 387, 389 (S.).

*Headnotes 1. Equity, 21 C. J., Section 8. Exist, 25 C. J., p. 168; Law, 36 C. J., Section 31; 2. Equity, 21 C. J., Section 99; 3. Equity, 21 C. J., Section 99; 4. Equity, 21 C. J., Section 99; 5. Courts, 15 C. J., Section 581.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— Hon. Israel H. Peres, Chancellor.

Chester v. Turner.

R. O. VALLEY and BELL & PHILLIPS, for plaintiff.

E. B. WILLIAMS, JR., for George.

H. H. HONNOLL, for Scruggs.

MR. JUSTICE HALL delivered the opinion of the Court.

The bill in this cause was filed June 27, 1924, by Roberta Chester against Joe Turner and W. S. Hart, administrator of Violet Turner, deceased, in the chancery court of Shelby county.

The bill alleged that Joe Turner and Violet Turner (née George) were married in Shelby county in 1908; that shortly after their said marriage the defendant, Joe Turner, was convicted of two felonies, and was sentenced to three and ten years, respectively, in the State penitentiary; that the defendant, Joe Turner abandoned his wife prior to the conviction, and had not lived with her and contributed to her support for some sixteen years prior to her death in January, 1924; that Violet Turner died intestate and a resident of Shelby county on said date; that the defendant W. S. Hart was duly appointed, and qualified, as her administrator in the county court of Shelby county soon after her death, and has in his hands, as such administrator, about the sum of $450 belonging to her estate.

The bill further alleged that complainant is a second cousin of the deceased, and is her only living heir and next of kin; that the defendant Joe Turner was paroled from the penitentiary on December 2, 1916, and was finally pardoned on January 11, 1919; that at no time dur-

ing his incarceration in the penitentiary did he live with, support, or maintain the deceased; that at no time since his release from the penitentiary up to the date of her death did he live with the deceased as man and wife, nor did he support or maintain her in any way; that during their separation, and after his abandonment of her, the deceased lived with other men, and the defendant Joe Turner lived with other women; and, having abandoned the deceased, and having failed to support her for a period of sixteen years prior to her death, complainant avers that he has abandoned any rights he may have in her personal estate by reason of his marriage to the deceased; and that he is estopped from claiming the personal estate as her husband by reason of his conduct above averred.

Complainant avers that said administrator, W. S. Hart, has been ordered by the probate court of Shelby county to make final settlement of said estate and pay the money in his hands into court, whereupon the defendant Joe Turner will then be paid this money as the husband of the deceased, and the legal rights of complainant will be lost, and she will be deprived of the estate of the deceased, to which she is fully entitled as the only heir and next of kin of the deceased, unless an injunction is issued restraining the administrator from paying the money in his hands over to the defendant Joe Turner, and the granting and issuance of an injunction was prayed for, as was the writ of attachment.

The bill prayed that upon a final hearing of said cause the rights of the parties be decreed and fixed by the court, and that it be decreed that the defendant Joe Turner has no interest in his deceased wife's estate, but

that said estate be decreed to complainant as her only legal heir and next of kin.

A demurrer was filed to the bill by the defendant Joe Turner setting up the following defenses:

(1)   That there was no equity on the face of the bill; (2) that complainant had a plain and adequate remedy at law in the probate court of Shelby county; and (3) that the probate court of Shelby county was the forum vested with the power to determine the rights of the distributees to said estate.

At the same time the demurrer was filed, the defendant Joe Turner moved the court to dissolve the injunction on practically the same grounds set up in his demurrer, with the additional ground that one William George was a nephew of the deceased, and was, therefore, her legal heir and next of kin, and this motion was supported by affidavits.

The motion to dissolve the injunction was granted upon the condition that the defendant Joe Turner execute a refunding bond in the sum of $1,500. This bond was never executed by the defendant Joe Turner. The record does not disclose that any action was taken at that time by the court on the demurrer.

The record, however, does disclose that the defendant Joe Turner filed an answer to the bill subsequent to the filing of the demurrer. In his answer the defendant Joe Turner admitted the death of his deceased wife, Violet Turner, and that the defendant W. S. Hart had qualified an administrator of her estate, and the answer averred that she left the sum of $1,000, which had passed into the hands of W. S. Hart as her administrator.

The answer denied that the defendant Joe Turner had abandoned and deserted the deceased prior to her death, and averred that the deceased abandoned him before her death and took up with a man by the name of William Gaither, and was living in unlawful intercourse with him at the time of her death.

The answer further denied that, during the incarceration in the penitentiary of the defendant Joe Turner, he failed to support or assist in the support of the deceased, and averred that he did contribute his small earnings while in the penitentiary to the deceased's support and maintenance.

The answer further denied that complainant was the only living heir and next of kin of deceased, and that she was entitled to the estate of the deceased as such heir and next of kin.

The cause was set for trial, by agreement of the parties, to be heard on oral proof. However, when it came on for trial, a continuance was granted upon the affidavit of counsel for complainant, who had been called out of the city to attend the bedside of a sick sister in Chicago.

On April 17, 1925, complainant filed a supplemental and amended bill in said cause, in which she joined William George, a minor under the age of twenty-one years, as a party defendant.

H. H. Honnoll was appointed guardian *ad litem* for said minor, and a formal answer was filed by him. Subsequently, said minor, William George, through his guardian *ad litem,* filed an answer and cross-bill to the supplemental and amended bill filed by complainant, setting up that he was the nephew of the deceased, and as such nephew was her only legal heir and next of kin, and

was entitled to the proceeds of her estate, and asked that the same be decreed to him.

The complainant then filed an amendment to the amended and supplemental bill making Lucille Scruggs, a minor, a party defendant, alleging that she had been informed that said minor, Lucille Scruggs, claimed to be a niece of the deceased, Violet Turner, and was also an heir and next of kin of the deceased, and for this reason she was made a party defendant to the cause that her rights in said estate might be determined and settled.

The defendant Lucille Scruggs, through her guardian *ad litem,* H. H. Honnell, filed a formal answer to said amendment for said minor.

Thereafter the defendant Joe Turner moved the court to dismiss the cause for want of jurisdiction on the ground that the probate court of Shelby county had first assumed jurisdiction of the *res,* and that the chancery court of Shelby county was without jurisdiction of the cause.

The chancellor held that the demurrer and the motion to dismiss for want of jurisdiction were not, as legal propositions, well taken, but, "for expeditious reasons, and for less costly litigation," ordered the cause transferred in its entirety to the probate court of Shelby county.

Whereupon a petition was subsequently filed by complainant and the defendant William George for additional time in which to file a petition to rehear; the chancellor, Hon. I. H. Peres, having died, and a considerable time having elapsed before the appointment of his successor.

An order was entered August 21, 1925, by the successor of Chancellor PERES in accordance with the motion extending the time for the filing of a petition to rehear. The petition for a rehearing was filed, setting up the following grounds:

(1) That the chancellor erred in transferring the cause to the probate court of Shelby county because it could not divest itself of the *onus* and duty of trying and determining the litigation for the want of jurisdiction.

(2) That no power was vested in the court to transfer the cause in its entirety to the probate court, and that the only action which the court could take legally was to either sustain or overrule the demurrer of the defendant Joe Turner.

The petition for a rehearing was granted, whereupon the chancellor sustained the demurrer of Joe Turner, dismissed the bill of complainant and the cross-bill of the defendant William George, from which decree an appeal was granted to this court to complainant and the defendants William George and Lucille Scruggs, which appeal was perfected, and the cause is now before this court for hearing and determination upon assignments of error filed by complainant and said defendants, to the effect that the chancellor erred in holding that he did not have jurisdiction of the cause, and in sustaining the demurrer of the defendant Joe Turner, and his motion to dismiss the original, supplemental, and amended bills of the complainant and the cross-bill of the defendant William George.

The only question for determination by this court is whether or not the chancellor was correct in holding and decreeing that the chancery court was without jurisdic-

tion to hear and determine the controverted issues presented by the pleadings, in view of the fact that the administration of the estate had first been assumed by the probate court of Shelby county.

By section 4048 of Shannon's Annotated Code it is provided: "Any distributee or legatee of the estate may, after the expiration of two years from the grant of letters, apply to the county, circuit, or chancery court of the county or district in which administration was taken out, to compel the payment of his distributive share or legacy."

By section 6088 of Shannon's Annotated Code it is provided: "The chancery courts shall continue to have all the powers, privileges, and jurisdiction properly and rightfully incident to a court of equity by existing laws."

"Existing laws" mean the statutory and common law of the State. *Lake* v. *McDavitt,* 13 Lea, 29; *Jordan* v. *Everett,* 93 Tenn., 394, 24 S. W., 1128; *Kelly* v. *Conner,* 122 Tenn., 339, 123 S. W., 622, 25 L. R. A. (N. S.), 201.

The chancery court has inherent jurisdiction, independent of statute, from the nature of its organization, to determine complicated disputes in the settlement of estates. *Bowers* v. *Lester,* 2 Heisk., 462.

In the case above cited this court held that the county court has no jurisdiction of a petition filed against an executor or administrator, with the will annexed, to recover a legacy admitted to be in his hands and due, but which he insisted he had paid, and over which there was a contest about the validity of the payment. In that case the court said:

"It could not have been contemplated that the county court should have jurisdiction to construe wills, to try

questions of set-off, pass upon complicated accounts between the executor and distributee or legatee, to try questions of infancy, or other controverted fact, as it must do in this case, if it determine the matter at all. These are matters of litigation, which cannot be tried in summary proceeding.

"Under this statute [section 4048 of Shannon's Annotated Code], the only power the county court has is simply to order the payment of the legacy or distributive share readily ascertained without complication or plausible dispute, and without issue or litigation."

In that case it was further said by the court: "The mention of the circuit and chancery courts in the same sections cannot affect the question, as the chancery court has jurisdiction, independent of the statute. This construction harmonizes the jurisdiction of the different courts. It was intended to simplify the remedy in cases, the justice of which was beyond controversy, and that the circuit and county courts should have jurisdiction in cases where there is no litigation, to direct a simple payment. From the nature of its organization, and its general and inherent jurisdiction, always exercised by a court of chancery, it is manifest the legislature did not intend that cases of complication and difficulty or dispute in the settlement of estates should be determined elsewhere than in that forum expressly created and qualifid for that purpose."

In *Parkes* v. *Parkes,* 3 Tenn. Ch., 647, the facts were as follows:

William Parkes, Sr., died intestate in Lawrence county, and the defendant was appointed administrator in that county, and qualified as such. The complainant, a dis-

tributee of the estate, filed suit in the chancery court of another county, seeking distribution of the estate. The defendant demurred to the jurisdiction of that court upon the ground that the jurisdiction of the subject-matter was either in the county court of Lawrence county or in the chancery court of the district in which that court was situated, and not in the chancery court of the county in which the suit was brought. The court, in upholding the jurisdiction, said:

"And the learned counsel has overlooked the fact that section 2312 [section 4048 of Shannon's Annotated Code] has been construed by the supreme court, in *Bowers* v. *Lester,* 2 Heisk., 456, to be limited to summary applications where, by simple calculation from recognized full settlements, a distributive share can be ascertained, and as not affecting in any way the general and inherent jurisdiction of the court of chancery over administrations.

"The demurrers are, therefore, not well taken to the jurisdiction of the court."

In Pritchard on Wills and Administration, section 781, it is said:

"The chancery court does not derive its jurisdiction of suits for legacies and shares from this statute: The 'jurisdiction is properly and rightfully incident to a court of equity;' and the chancery court is the only court competent to give complete relief in complicated and litigated cases. It takes cognizance of this class of suits; (1) In the exercise of its general jurisdiction over trusts, their execution and settlement; (2) because of the necessity for taking accounts and compelling discovery; and (3) the lack of a plain, adequate, and complete remedy

at law. The statute mentions the chancery court as one of the courts to which a legatee or distributee may apply to compel payment of his legacy or share, but it does not undertake to deprive that court of any part of its inherent jurisdiction, or to limit or restrain the exercise of its functions, or prohibit it from taking cognizance of matters relating to the administration at any time in any proper case of which it would have had jurisdiction before the statute. The personal representative is allowed by law such time for the collection and reduction of assets and the payment of debts as is reasonably necessary and sufficient in ordinary cases; but whenever the necessity for further delay ceases to exist, the parties entitled to the estate have a right to demand distribution at once, whether the statutory period has expired or not, and the court of chancery has jurisdiction to order it. When, therefore, the assets of the estate are in money, or readily convertible into money, and there are no debts, the chancery court may decree the payment of legacies, or the distribution of the residue, within two years and six months after grant of administration, and, as has been seen, without requiring refunding bonds, if the facts show them to be needless.

"But the jurisdiction of the county and circuit courts over suits for legacies and shares is purely statutory, and practically inferior to that of the chancery court in point of efficacy, because these courts are not provided with machinery for dealing with the class of questions usually arising in these suits. Indeed, it has been held that the power of the county court is limited to merely ordering the payment of legacies and shares in cases in which there is no complication or controversy, and where the

condition of the estate can be ascertained by examination of the settlements of the executor or administrator, charging him with the assets and crediting him with disbursements, and then finding the amount of the legacies or shares by a simple calculation; and that this court is not empowered by the statute to construe wills, or pass on complicated accounts, questions of set-off, and the like, or determine other controverted facts."

In *State* v. *Anderson*, 16 Lea, 321, it was said that the case of *Stewart* v. *Glenn*, 3 Heisk., 583, overruled the holding of the court in *Bowers* v. *Lester*, supra. We think this statement was pure *dictum*, as the questions involved in the cases of *Stewart* v. *Glenn* and *Bowers* v. *Lester*, supra, were in no manner involved in the determination of the issues in *State* v. *Anderson*, supra, nor was the question involved in *Stewart* v. *Glenn*, supra, the same as was involved in *Bowers* v. *Lester*, supra.

In the case of *Bowers* v. *Lester*, supra, the court based its holding on the proposition that the county court was without jurisdiction to determine disputed questions arising in the administration of estates, and that the court of chancery was the proper forum to determine such questions.

In the case of *Stewart* v. *Glenn*, supra, no such questions were involved. The only question involved in that case was simply the question of whether or not a note of a husband could be set up against the distributive share of the wife; the allegations of the bill being admitted.

The holding of the court in *Bowers* v. *Lester*, supra, is not even referred to in the opinion rendered in *Stewart* v. *Glenn*, supra, though it was rendered within a few months after the decision in *Bowers* v. *Lester*, supra. In

fact, there was no occasion to refer to the decision in the first-mentioned case, as the facts in the two cases were entirely different.

We are of the opinion that the remedy provided by section 4048 of Shannon's Annotated Code was provided by the legislature to expedite the recovery of distributive shares in the estates of decedents, where there is no controversy or dispute about them, and where the issues involvd may be disposed of in summary manner, and by no proper construction can it be said that the court of chancery has been deprived of both its inherent and statutory jurisdiction to hear and determine complicated questions of dispute arising in the administration of estates.

A disputed question of fact has arisen in the cause under determination, and it will be necessary for the court to determine it. This question is, Who is legally entitled to receive the money now in the hands of the administrator belonging to the estate of Violet Turner, deceased? and we think this can more accurately be done by the chancery court than the county court.

Furthermore, the original, supplemental, and amended bills in this cause seek a distribution of the estate of Violet Turner before the expiration of two years. It is well settled that a court of equity has jurisdiction to compel distribution before the expiration of two years in a proper case.

In the case of *Taliaferro* v. *Wright,* 1 Shan. Cas., 178, the facts were: A father had inherited his son's estate as sole distributee. About two years later the father died, leaving a will, which made one of the administrators of his son's estate an executor of his estate. The

bill was filed within seven months after the father's death against the administrator of one of the estates and the executor of the other (the administrator and executor being the same person) to compel a distribution of the estate. It was insisted that the executor had two years in which to settle up the estate, and could not be sued by the distributees and legatees until after the expiration of this time. In determining the question this court said:

"We are not aware that the question has been adjudicated in this State. But it has been decided by the supreme court of North Carolina upon the same statute. Judge GASTON says: 'The act of assembly making it obligatory on executors to settle the estate at the end of two years after the administration shall have begun, does not authorize them to defer the settlement until that time without necessity; and it is competent to those interested to file their bill, or present their petition for such a settlement as soon as they think proper—the proceedings on such bill or petition being under the control of the court, who can prevent a premature decision thereon and have the question of costs at their disposition.' *Hobbs* v. *Craige,* 23 N. C., 337. . . .

"There is no reason why the persons entitled to an estate should be delayed two years when it is known there are no debts. If this be doubtful, the court will see that no injury is done the executor by a premature decree against him, but will hold up the case or see that he is fully secured or indemnified. . . .

"The persons entitled to the estate may proceed against him before the time, and compel him to settle and pay over, where they can show that there is no necessity

for the delay, or that it is unjust to them and not required by the condition of the estate that they should be long postponed in the enjoyment of their rights. There can be no injury to the personal representatives or to the creditors, because the interests of all will be carefully guarded by the court, by retaining the case as long as may be necessary for their protection, and for making the proper decrees and orders for their safety, and for costs.''

To the same effect is the case of *Murgitroyde* v. *Cleary,* 16 Lea, 539. In that case it was said:

''The statute, it is true, gives jurisdiction to the county, circuit or chancery court 'after the expiration of two years from the grant of letters.' The provision as to the time, this court has said, is merely directory. *Willeford* v. *Watson,* 12 Heisk., 476. But if it were otherwise, the statute does not deprive the court of chancery of its inherent jurisdiction over the administration of estates, which is reversed to the court by the Code, section 4279 [section 6088 of Shannon's Annotated Code.] That court, at the instance of any of the parties interested, may take cognizance of matters of administration at any time. The delay of two years is given to enable the personal representative to realize assets, and for the benefit of creditors, and is a reasonable period, as a general rule, for these purposes. If, however, the assets of the estate are all in money or effects readily convertible into money, and there are no debts, as would be the case where the intestate was an infant of tender years in the custody of its parents, no necessity would exist for the delay of two years, or the requirement of refunding bonds. The parties entitled would have a right to de-

mand distribution at once, and the court of chancery would have jurisdiction to order it.''

The act which created the probate court of Shelby county (sections 387 and 389 of Shannon's Annotated Code) expressly sets out those cases in which the probate court of said county is given jurisdiction concurrent with the chancery court, and this jurisdiction cannot be extended to other cases, because the powers of said probate court are purely statutory, and it has no powers other than those expressly delegated to it by statute. It is, therefore, clear that the legislature did not intend to invest it with any broader powers than the county court, except in the particular cases enumerated in the statute.

In *England* v. *Pearson,* 16 Lea, 447, 1 S. W., 44, it was said: ''We think the proper construction of the above language [that is, the statute creating the probate court] is, that all the powers of the chancery court were merely intended to be conferred upon said probate court touching the matters over which it was invested, with concurrent jurisdiction with the chancery court; and the effect of said act, as well as the intention of the legislature, was simply to confer the jurisdiction over the settlement and winding up of insolvent estates, which was possessed by the county court of Shelby county, to said probate court, and the mode of procedure in the one is equally applicable to the other.''

In Pritchard on Wills and Administration, section 39, it is said:

''As to all the matters over which the probate court of Shelby county exercises jurisdiction identical with that exercised by the county courts of other counties of the State, its powers are the same as those conferred by law

on the county courts, and the procedure in the one is applicable to the other. But concurrent jurisdiction with the chancery court is conferred upon the probate court over the persons and estates of idiots, lunatics and other persons of unsound mind, and proceedings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or coparceners; for the sale of lands at the instance of creditors of the deceased, if the personal property is insufficient to pay the debts of the estate, and for the allotment of dower; and, as to all these matters, it has all the jurisdiction and powers of a chancery court, and the mode of procedure in the chancery court is applicable.''

We are of the opinion, for the reasons herein stated, that the chancellor committed error in sustaining the demurrer and motion of the defendant Joe Turner and in dismissing the bill for want of jurisdiction. His decree will therefore be reversed, and the cause remanded for further proceedings.

The defendant Joe Turner is taxed with the costs of the appeal to this court.