UNION PLANTERS' NAT. BANK & TRUST CO. *v.* BORNDS.

(*Nashville*, December Term, 1934.)

Opinion filed January 12, 1935.

GEORGE J. COLEMAN and A. B. CASE, both of Memphis, for appellant.

L. J. Monteverde, of Memphis, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

The trust company filed its petition praying for instructions and authority to invest a sum comparatively small in proportion to the total fund of personalty in its hands as guardian for defendant, Bornds, in the purchase of a suitable home for him. A guardian *ad litem* was appointed who concedes that a proper case for reinvestment of the ward's funds is presented and that such reinvestment is for the manifest interest of the ward, but by demurrer challenges the jurisdiction of the probate court of Shelby county to decree the sale and reinvestment of the funds of the *non compos* ward. The demurrer was overruled, and the guardian *ad litem* appeals.

It is conceded on the brief that the county court is vested by statute with broad powers. The act creating this court, brought into Shannon's Code as section 387, provides as follows:

"Said court shall have original jurisdiction of all matters of probate, the administration of estates and orphans' business, embracing all the subjects and powers enumerated in, and conferred by, sections . . . 6027, 6030, 6031, 6032, and 6040 of this Code, and concurrent jurisdiction with the chancery courts of Shelby county over the persons and estates of idiots, lunatics, and other persons of unsound mind. . . . Said court shall have and exercise all the jurisdiction and powers of a chancery court over all the persons and matters embraced within its jurisdiction, and shall also have and exercise all the

powers and jurisdiction over the persons and matters committed to its jurisdiction which are now conferred by law on the county courts or county judges in other counties.''

■■ It is apparent that this court has concurrent jurisdiction with the chancery court over the person and estate of this ward, a person of unsound mind, and we think there can be no doubt therefore that it has the power which is rightfully exercised by the chancery court, ''upon application by guardian, to sell and reinvest any portion of the lunatic's property, real or personal, where it is manifestly for the interest of such lunatic and family.'' Code, sction 9650. See, also, Code, sections 9647, 9227, 9237.

The jurisdictional powers of the probate court of Shelby county were considered and distinguished recently by this court in Chester v. Turner, 153 Tenn., 451, 284 S. W., 365. That opinion clearly recognizes that this probate court has concurrent jurisdiction with the chancery court over the persons and estates of persons of unsound mind.

Affirmed.