In re HODGE'S ESTATE.—99 S. W. (2d) 561.

Middle Section. July 25, 1936.

Petition for Certiorari denied by Supreme Court, December 12, 1936.

S. L. Felts, of Nashville, for plaintiff in error Hodge.

Pride Tomlinson, of Columbia, for defendant in error Sam M. Taylor.

CROWNOVER, J. This suit originated by a petition filed in the county court of Maury county by Sam M. Taylor, legatee under the will of Mrs. V. A. Hodge, deceased, seeking to have the administrator with the will annexed correct his settlement of the estate, made in said court, by adding other assets of the estate not included in the report, and to compel payment of a legacy of $1,000 left to him in said will.

Mrs. V. A. Hodge, of Columbia, Tenn., died on August 23, 1932. Her only heir at law was her son, C. T. Hodge. She left a will in which she made several small bequests and one of $,1000 to her nephew, Sam M. Taylor. All the residue and remainder of her estate she left to her son, C. T. Hodge.

The executor named in the will declined to act and C. T. Hodge was appointed and qualified as administrator with the will annexed. He executed a bond in the sum of $2,000.

Several days later Hodge called on Taylor and secured Taylor's signature to the following receipt:

"Nashville, Tenn.
"August 29, 1932.

"This will acknowledge the receipt in full from C. T. Hodge, administrator, of the legacy left me by the will of my aunt, Mrs. V. A. Hodge, and the said Clark T. Hodge, administrator of the estate of Mrs. V. A. Hodge, is authorized to use this receipt in his settlement as such administrator.

"[Signed] S. M. Taylor."

It is undisputed that Hodge paid nothing to Taylor. But there is a sharp conflict between the evidence of Hodge and that of Taylor as to the reason why Taylor signed the receipt. Hodge insists that Taylor voluntarily renounced and released the legacy after knowing all the facts. Taylor says that Hodge told him that Mrs. Hodge had left him a small legacy but left no estate with which to pay legacies or debts, whereupon he agreed to renounce the legacy and released the administrator and signed this receipt in order that Hodge might settle with the court.

Several weeks later, on September 22, 1932, Hodge as administrator filed in the office of the county court clerk an ex parte statement of the account of the estate of Mrs. V. A. Hodge, made by himself, purporting to be a statement of his account, and asked that it be confirmed as his final settlement, stating under oath that all the assets were collected and the debts all paid, which report was confirmed and ordered to be entered of record.

The administrator's report shows that he received as assets of the estate the sum of $98.54, and states that the administrator paid out of his own funds the debts of the estate and the legacies in the will, amounting to $2,135.82. One of the items listed as paid was: "Legacy—S. M. (Sam) Taylor, Receipt attached—$1,000.00."

The county court clerk did not take and state an account as required by Code, section 8244. No notice was given the interested parties. Code, sections 8246, 10084(15), 8252. It is not shown that the clerk examined the administrator, on oath, touching his receipts and disbursements. Code, sections 8248, 10084(10). And approved the vouchers. Code, section 8250.

The county court clerk entered on the minutes an order approving the settlement, but Hodge was not discharged as administrator or his bondsmen released. The order read as follows:

"This day comes into court C. T. Hodge the administrator with will annexed of Mrs. V. A. Hodge, and filed his settlement of said estate made with the clerk, and on consideration thereof it is ordered by the court that said settlement be filed and recorded as required by law in the Estate Settlement Book."

On December 5, 1933, Sam M. Taylor filed exceptions to said settlement (Code, section 8251), in which he insisted that the settlement did not report all the assets of said estate, but had omitted about $11,000 of assets, and that the settlement included a receipt alleged to be for $1,000 for legacy paid to S. M. Taylor, when in fact nothing was paid to him.

On February 28, 1934, Taylor filed a petition in the county court setting out the foregoing facts and praying that the clerk give notice to Hodge to appear before him (Code, section 8246) that he (the clerk) might take and state his account as such administrator (Code, section 8244).

Hodge filed a demurrer to said petition and a motion to dismiss, on the grounds that he had filed with his settlement a receipt for said $1,000 executed by Taylor, and the proceeding instituted by Taylor was in effect a bill attacking the receipt for fraud, of which proceeding the county court had no jurisdiction.

On the hearing the clerk held that he had no jurisdiction to determine whether the receipt signed by Taylor was obtained by misrepresentation and fraud, and that said Taylor, having released his legacy, had no right to demand an accounting by the administrator, and he sustained Hodge's motion to confirm the final settlement made in September, 1932.

Taylor excepted to the clerk's report. Code, section 8251. The county court sustained the exceptions of Taylor and decreed that the administrator's settlement should be corrected so as to charge him with $5,546 in addition to the amount with which he had charged himself in his settlement. The court found that Taylor

had not been paid said legacy of .$1,000; that said administrator procured said receipt by representing to Taylor that said estate had no assets; and that said receipt was not a lawful voucher. The decree directed that the report of the clerk be corrected to show that said legacy was due and owing and the administrator was chargeable therewith; and that C. T. Hodge be required to pay into the office of the county court clerk the balance due from him as such administrator. Code, section 8256.

Hodge, administrator, etc., excepted to said decree and appealed to the circuit court (Code, sections 8253, 9028) of Maury county, where the case was tried by the judge without a jury, and the judge found that the judgment of the county court was correct; that the administrator should be charged with $5,546 in addition to the amount of the assets shown by the clerk in his report; and that the legacy of $1,000 to Sam M. Taylor had not been paid; that Taylor signed the receipt filed by the administrator on his representation that there were no assets of said estate and that said receipt was not a lawful voucher, the same having been obtained by material false representations made by said administrator; and he decreed that said administrator was chargeable with said $1,000 with interest from August 27, 1933. The judgment of the county court, charging the administrator with said legacy and interest, was affirmed and the cause remanded to the county court for such further proceedings as were necessary to carry out the judgment of the county court as to the legacy.

Hodge, administrator, etc., excepted to said judgment. Motion for a new trial having been overruled, Hodge appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in not dismissing the proceeding for want of jurisdiction in the county court.

(2) There was no evidence to support the finding that the receipt was procured by fraudulent misrepresentation.

(3) The court erred in admitting certain evidence.

(4) The court erred in refusing to grant a continuance.

1. The first assignment, to the effect that the court erred in not dismissing the proceedings for want of jurisdiction in the county court, is well made and must be sustained.

It is provided by the Code that the clerk may make settlement with the personal representative upon giving notice to the interested parties, and shall charge him with such sums of money as he has received, or might have received, by using due and reasonable diligence, and shall credit him with such disbursements as he supports by lawful vouchers. Code, sections 8244 to 8250. It also provides that any person interested in the estate may except to the account, and, if dissatisfied with the clerk's decision on the ex-

ceptions, may appeal to the county court, or he may except when the account is presented to the court. Code, section 8251.

It is further provided:

"Any person interested in any deceased person's estate as legatee, distributee, widow, creditor, or otherwise, may, at any time before final settlement of such estate, show by proof that the personal representative has not returned a complete inventory; and the article or articles omitted in the inventory shall be debited to the personal representative at the value thereof, unless he can show a sufficient reason for leaving the same out of the inventory." Code, section 8252.

It is further provided by the Code that:

"Any distributee or legatee of the estate may, after the expiration of eighteen months from the grant of letters, apply to the county, probate, or chancery court of the county in which administration was taken out, to compel the payment of his distributive share or legacy." Code, section 8347.

Evidently this proceeding is brought under the two sections of the Code hereinabove set out, and, as will be seen by an examination of the petition, demurrer, and answer thereto, the contention of the parties is that the administrator interviewed the petitioner, Sam Taylor, and had him to renounce his legacy, and in furtherance of this Taylor signed a receipt in full, authorizing the administrator to make his settlement of the estate accordingly; but Taylor insists that this receipt was obtained by false representations and fraud, in that it was represented to him that his aunt had left him only a small legacy and that the estate did not have assets with which to pay it, and upon this representation he renounced the legacy and signed the receipt. On the other hand, the administrator insists that Taylor knew all about the will and that he had been left the $1,000 legacy, which he voluntarily renounced, and signed the receipt after knowing all the facts.

 The beneficiary under a will has the right to elect whether or not he will take a bequest or devise. He is not bound to accept the legacy or devise, but may disclaim or renounce his right under the will, even where the gift to him is beneficial, and the motives which prompt a renunciation are immaterial in the absence of fraud or collusion. 69 C. J., 967, 974.

 A dislaimer or renunciation of a gift does not require a consideration to support it. Bradford v. Calhoun, 120 Tenn., 53, 109 S. W., 502, 19 L. R. A. (N. S.), 595.

 "It has been held that the power of the county court is limited to merely ordering the payment of legacies and shares in cases in which there is no complication or controversy, and where the condition of the estate can be ascertained by examination of the settlements of the executor or administrator, charging him with the

assets and crediting him with disbursements, and then finding the amount of the legacies or shares by a simple calculation; and that this court is not empowered by the statute to construe wills, or pass on complicated accounts, questions of set-off, and the like, or determine other controverted facts." Sizer's Pritchard on Wills and Executors, 897, section 781.

The case of Chester v. Turner, 153 Tenn., 451, 284 S. W., 365, reviews all the cases on the question and reaffirmed the decision in the case of Bowers v. Lester, 2 Heisk., 456, which held that the county court was without jurisdiction to determine disputed questions arising in the administration of estates, and that the court of chancery was the proper forum to determine such questions, and reaffirmed the proposition above quoted from Sizer's Pritchard on Wills and Executors.

Applying the principles announced and reaffirmed in the case of Chester v. Turner, supra, it is clear that the county court had no jurisdiction of the controversy, as there is a serious question in this case as to whether Sam Taylor was induced to renounce his legacy and to sign the receipt on account of the misrepresentations made by the administrator; hence the first assignment of error must be sustained.

The other assignments of errors become immaterial and are therefore overruled.

It results that the suit is dismissed at the petitioner's cost.

Faw, P. J., and De Witt, J., concur.