Odie Teague, Executor of Estate of John Wright Gooch, Deceased, Respondent,

*v.*

Johnson Gooch, Administrator, Petitioner.

(*Jackson,* April Term, 1959.)

Opinion filed February 5, 1960.

Ross & Ross, Savannah, for petitioner.

J. A. SHELTON, GLENN H. WHITLOW, Selmer, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is on petition for certiorari. The question for decision is whether the Probate Court (the County), or,

on appeal, the Circuit or Chancery Court, has jurisdiction to determine whether the personal representative has improperly failed to charge himself with an asset which an interested party alleges he is chargeable with and, as to which, the personal representative, on the other hand, insists that the item is one which does not belong to the estate.

The writ of certiorari was granted without regard to whether this Court would, or not, eventually affirm the judgment of the Court of Appeals. This course was taken in order to clear up a wide spread misconception by a substantial portion of the bench and bar as to the proper construction and application of a certain hereinafter mentioned decision of this Court.

The estate involved is that of John Wright Gooch who died in 1955 at the age of 95 years, then very feeble, mentally and physically. Three months prior thereto, he had appointed Johnson Gooch his attorney-in-fact as to certain matters. That instrument is not in the record. Approximately two weeks prior to his death decedent caused his sister to write a check on her account in the amount of $5,000, it being his money, payable to this Johnson Gooch. Gooch cashed that check the same day.

Upon the death of the supposed intestate this Johnson Gooch applied for, and was appointed, his administrator. A few months later his will, several years of age, was probated and Odie Teague was appointed executor.

Three weeks subsequent Johnson Gooch, administrator, resigned as administrator, and about six weeks later stated his account with the Clerk of the County Court. The $5,000 above mentioned was not included in either his inventory or proposed settlement.

Odie Teague, executor, excepted by formal petition to the inventory and settlement on the insistence that the administrator should be charged with this $5,000. Gooch for some reason, which must have been satisfactory to him, never made any written reply to this petition.

The County Court Clerk overruled the exception. On appeal, the County Judge did the same thing, and confirmed the settlement as made with the Clerk. The only evidence there offered was the statement of opposing counsel as to their insistences upon the issue.

On appeal to the Circuit Court oral evidence was offered in support of the exception set out in the petition. No exception to so proceeding was had. In defense, Johnson Gooch testified that when he cashed this $5,000 check he took the money back to Mr. John Wright Gooch; that John Wright Gooch handed the money back to him with the statement that it was a gift to the wife of Johnson Gooch; thereupon, that he, Johnson Gooch, took the money and immediately delivered it to his wife. Hence, says Johnson Gooch, he never had possession or title to the $5,000, as administrator of the estate of John Wright Gooch. He says his wife has spent most of it.

The Circuit Judge affirmed the County Court and ordered a dismissal of the petition of the Executor on the ground that a substantial dispute exists as to the title to this $5,000; hence, that the Circuit Court on appeal from the County Court did not have jurisdiction to determine the issue.

This action of the Circuit Judge was reversed by the Court of Appeals, and the cause remanded to the Circuit

Court for a trial of the issue stated and a decision thereof on its merits.

As a result, Johnson Gooch, as administrator, seeks certiorari. His petition insists that the County Court was without jurisdiction to determine the matter; hence, that on appeal, so he says, the Circuit Court was without jurisdiction.

Section 30-1109 T.C.A. provides that any person interested in the estate may

"at any time before final settlement of such estate, show by proof that the personal representative has not returned a complete inventory",

and that if this is found to be true he shall be debited with the value thereof.

Section 30-1110 T.C.A. provides, in so far as pertinent here, as follows:

"When an account has been finally settled by the county court, either party may appeal from the judgment of the court to the chancery or circuit court * * *."

*In re Fox Estate*, 161 Tenn. 432, 435, 33 S.W.2d 82, 84, holds that what are now sections 27-403—27-407 "prescribe the mode of procedure upon appeal to the circuit or chancery court" from the judgment of the County Court purporting to finally settle the account of the personal representative. This would necessarily include 27-408 T.C.A. which is the last section of the Chapter entitled "Appeals from County Court". This 27-408 is as follows:

"Trial de novo.—On appeal, all jury cases in the county court shall be tried de novo in the circuit court and all chancery cases, or proceedings in the nature of chancery cases, shall be reheard as if the proceedings had been commenced in the circuit court."

The expression "de novo", as therein used, means "as though the suit originated in the Circuit Court". *Odle v. McCormack,* 185 Tenn. 439, 445, 206 S.W.2d 416, 419.

 The case stated herein is not less than one of an equitable nature. It would, therefore, be heard de novo; that is "as though the suit originated in the Circuit Court".

Section 16-709(4) T.C.A. provides this:

"The county court has original jurisdiction in the following cases:

\*　\*　\*　\*　\*　\*

"(4). The settlement of accounts of executors or administrators."

Section 16-711 T.C.A. provides that the County Court is

"vested, over all subjects enumerated in secs. 16-709 and 16-710 with all the power and authority necessary and proper to the exercise of the jurisdiction therein conferred."

The foregoing are the code sections applicable to the question which is to be answered in this case. The construction placed on these code sections controls the answer to that question.

The Circuit Judge in holding that his Court was without jurisdiction to decide the question cited as his authority the cases of *Bowers v. Lester,* 49 Tenn. 456, 462, in which there was a divided Court, and *Chester v. Turner,* 153 Tenn. 451, 284 S.W. 365.

In *Bowers v. Lester* a petitioner invoked in the County Court what is now Section 30-1313 T.C.A., providing that any distributee, after a specific period, may apply to the county, probate or chancery court "to compel the payment of his distributive share or legacy". There were two petitions and three petitioners, "each claiming a specific legacy,—one that she is entitled to two notes of $150.00 each". The outcome of the dispute depended upon the construction of the will. The executor denied that the construction placed by the petitioner was the correct construction. Under these circumstances, the Court held that the County Court was without jurisdiction under the statute invoked.

The Court said that "to ascertain whether the petitioners are entitled to proceed in this case, under the foregoing sections (2312, now 30-1313 T.C.A.; 2313, now 30-1314 T.C.A.; and 2314, now 30-1315 T.C.A.) we must construe them in conjunction with sections 2315 (now 30-1316 T.C.A.) and 2316 (now Section 30-1304 T.C.A.)" The Court in referring to 2316 of the 1858 Code (now 30-1304 T.C.A.) evidently meant 2314 of the 1858 Code (now 30-1315 T.C.A.) Section 2316 of the 1858 Code had little, or nothing, to do with the question under consideration.

Section 30-1315 provided that the petition should be "* * * *heard and determined summarily* * * *", and Section 30-1316 provided that *an affidavit before a com-*

*missioner* or other such official as to the right of the petitioner to the legacy "may be received as prima facie evidence thereof by any personal representative in case no contest arises".

The Court said that these code sections demonstrated an intention that "the petition (for the legacy) is only to perform the office of a notice in *a summary proceeding*, the statute expressly declaring that the proceeding should be summarily heard and determined as soon as practicable"; further, that it could not be "presumed that the Legislature intended to authorize any court, *in matters of contest*, to treat as evidence the ex-parte affidavit of any one \* \* \*'', and that "it could not have been contemplated that the County Court should have jurisdiction to construe wills, to try questions of set off, pass upon complicated accounts \* \*''; and that "under this statute the only power the Court has is simply to order the payment of the legacy or distributive share readily ascertained without complication or plausible dispute, and *without issue or litigation*" by an examination of the settlement of the executor the amount due the legatee filing the petition. (Every emphasis is added.)

So, it is evident that the decision in *Bowers v. Lester*, supra, turned upon the construction of Code sections with which the case at bar is in no way concerned. There are general expressions by way of dicta as to the limited authority of County Courts. This dicta has apparently misled the Trial Judge in applying to entirely different code sections the construction placed by the Court on the code sections involved in that case.

This misleading quality of *Bowers v. Lester* was noticed in *Parkes v. Parkes,* 3 Tenn.Ch. 647, in comment-

ing upon the application of the holding in *Bowers v. Lester,* such comment being as follows:

"And the learned counsel has overlooked the fact that section 2312 (30-1313 T.C.A.) has been construed by the Supreme Court in *Bowers v. Lester,* 2 Heisk. 456, *to be limited to summary applications* where, by simple calculation from recognized full settlements, a distributive share can be ascertained, and as not affecting in any way the general and inherent jurisdiction of the Court of Chancery over administration.'' (Emphasis supplied.)

*In re Hodge's Estate,* 20 Tenn.App. 411, 99 S.W.2d 561, failed to notice that the ruling in *Bowers v. Lester* was limited to a construction of a code section with which the Hodge case was not concerned, and erroneously applied such limited construction to entirely different code sections.

The misconception of the limited extent of the holding in *Bowers v. Lester* is noticed in *Black v. Black,* 134 Tenn. 517, 520, 184 S.W. 27, wherein the Court said.

"It is manifest that all the courts have fallen into error upon this matter. * * * But the true view is that the probate court should have sustained the petition as a suggestion filed in that court under section 4039 of Shan.Code (now 30-1109 T.C.A.) which provides:''

It then quotes that code section, which provides that an interested party may at any time suggest to the Court and prove that the representative has failed to return a proper inventory, etc.

Four years after the decision *In re Hodge's Estate,* supra, this Court decided *In re Love's Estate,* 176 Tenn.

696, 145 S.W.2d 778, the decision overruled by necessary implication the Hodge case. It is important here in that the Court said with reference to Section 30-1109 T.C.A., referring to *Black v. Black,* supra, 176 Tenn. at page 706, 145 S.W.2d at page 782 that:

"From the foregoing it is apparent that the county court possesses the necessary authority and has the requisite facilities to have a full and complete accounting with an administrator, making all proper charges against him, and allowing him credit for all items which it is made to appear he is entitled to.

"The question we are considering, so far as we are advised, has not heretofore been directly passed upon by this court; but in *Black v. Black,* 134 Tenn. 517, 184 S.W. 27, the court considered section 8252 of the Code (30-1109 T.C.A.) set forth above, and held that the county court had jurisdiction to charge an administrator with items wrongfully omitted from his inventory. In that case the court referred to the other section of the Code copied herein, and rather indicated that the county court had full authority in the settlement of executor and administrator accounts."

The opinion likewise quoted, apparently with approval, at page 708 from the annotator of 90 A.L.R. 134, as follows:

" 'A majority of the jurisdictions follow the rule that a court sitting in probate has jurisdiction to determine the title to property which the personal representative claims in his own right.' "

*Chester v. Turner,* 153 Tenn. 451, 284 S.W. 365, is the second and last case cited by the Circuit Court as author-

ity for its conclusion that the County Court did not have jurisdiction of the question. *In re Hodge's Estate* likewise relied upon *Chester v. Turner* as authority for its conclusion. A reading of *Chester v. Turner* makes it clear that the decision is as inapplicable to the present question and the code sections involved in the case at bar as is *Bowers v. Lester,* supra.

In *Chester v. Turner* the suit was instituted by a bill in chancery to recover money alleged to be due complainant as a next of kin. The administrator and former husband of the decedent were made parties to the suit. This former husband moved a dismissal of the bill "on the ground that the probate court of Shelby county had first assumed jurisdiction of the res, and that the chancery court of Shelby county was without jurisdiction". [153 Tenn. 451, 284 S.W. 367.]

The Chancellor sustained the motion. The Supreme Court, in reversing, after taking note of the fact that jurisdiction in settlement of estates is given to the County, Circuit or Chancery Court, then said this:

"* * * the statute does not deprive the court of chancery of its inherent jurisdiction over the administration of estate, which is reserved to the court by the Code", now 16-601 T.C.A., providing that "the chancery court shall have all the powers, privileges and jurisdiction properly and rightfully incident to a court of equity."

So, *Chester v. Turner* is not at all in point upon the question of the authority given by the code sections involved to the County Court in the settlement of estates. The decision was rested on an entirely different rule.

Attention is now directed to the judicial construction placed upon those code sections. In that connection, there has herein already been quoted the holding *In re Love's Estate,* 176 Tenn. 696, 146 S.W.2d 778.

To the same effect, in *Snodgrass v. Snodgrass, Administrator,* 60 Tenn. 157, 161-162, the Court held that:

"Thus the inventories and settlements of administrators are put upon the records of the County Court, having the verity of judicial records, except that they may be impeached by those interested in the estate as not showing the full measure of the administrator's liability."

In *Black v. Black,* hereinbefore discussed on another point, the Court refers to what is now Section 16-709(4) T.C.A. providing that the County Court has original jurisdiction in the settlements of accounts of executors or administrators.

The Black opinion then refers to what is now Section 16-711 T.C.A., providing that with reference to the powers given in 16-709 T.C.A. the County Court is

"vested, over all subjects enumerated in secs. 16-709 and 16-710, with all the power and authority necessary and proper to the exercise of the jurisdiction therein conferred."

The fourth item in 16-709 T.C.A. is original jurisdiction in "the settlement of accounts of executors or administrators".

The Court in this Black case concludes its opinion as to the charges of fraud and omissions of the administrator

in the filing of his inventory and settlement viz. (134 Tenn. 525, 184 S.W. 29):

"The petition made charges against him of the utmost bad faith. The petition should have been met by an answer, and not by a demurrer; especially as the *petition was one in which the county court had the clearest jurisdiction, and was under the clearest duty to entertain and take appropriate action upon.*" (Emphasis added.)

■ From all that hereinabove said, it is this Court's opinion that the Court of Appeals reached the right result when it determined that the Probate Court, or the Circuit Court on appeal, had jurisdiction under the code sections heretofore designated as applicable to the question stated to hear proof and then determine upon its merits the question as to whether Johnson Gooch, as administrator, had improperly failed to charge himself with this $5,000. Hence, the Court of Appeals is affirmed and the cause remanded to the Circuit Court for further proceedings in accordance herewith. All costs of the appeal will be adjudged against the estate of John Wright Gooch, deceased.