Turney, J.,
delivered the opinion of the Court.
Stephen Leonard was the owner of a lot in Memphis. In 1854 he employed Wm. Breen to build a house thereon. Leonard having committed a homicide, fled to Kentucky. In February, 1854, Breen filed a bill to enforce his mechanic’s lien. ' At the *680 May Term, 1855, of the Chancery Court at Memphis, a decree of sale was pronounced. In July,- 1855, Leonard died, leaving Ellen, his widow, and two sisters, Mary and Bridget, his next of kin, and claiming to be his heirs at law. On the 22nd of August, 1855, without a revivor of the suit, the lot was sold under the decree. Leonard and his two sisters are natives of Ireland, the last to come arriving in the United States about seventeen years before the institution of this suit. This bill is filed to set aside the sale, under the decree mentioned, as void for the want of proper parties before the Court at the time it was made. It is resisted upon the following grounds:— 1st. That it was not necessary to revive against the widow and heirs. 2nd. That “ Ellen, Mary and Bridget are not the heirs at law, nor of any kin to Stephen Leonard, dec’d.” 3rd. That he had no heirs capable of inheriting from him under the laws of the United States, or of the State of Tennessee.”
It is necessary to observe here, that this is the only statement in the answers or either of them, directly or indirectly, of the want of inheritable blood, and no allusion is made to it in the bill.
In support of the first proposition, the case of Whiting et als. v. The Bank of the United States, 13 Peters, is relied on, in which it was insisted, “that it was irregular and erroneous to sell the property mortgaged, without revivor of the suit against the heirs of Whiting,” who died after the' decree, but before the sale. The difference in the cases is, that in the case relied on at the bar, Whiting, the mortgagor, *681 had by his deed of mortgage parted with the legal title and vested it in the mortgagee, as the statement of the. recitals of the deed, as given in the opinion, distinctly shows.
In the case before us, the legal title was never out of Leonard, but remained in him to the moment of his death, when it vested in his widow, and heirs at law, if such he left. It is a well defined and established principle in Tennessee, that a sale of land under a decree is incomplete until a decree of confirmation; and that before such decree the purchaser is invested with no title.
In the case of Wheatley’s lessee v. Harvey et als., 1 Swan, 484, Lucy Ann Harvey, the administratrix, instituted proceedings to sell lands of the estate of her intestate, to pay debts. In the interval between the date of the decree and the day. of sale, the- adminis-tratrix died. Judge McKinney, delivering the opinion, says: “No title vested in the lessor of the plaintiff by his purchase as to either of the defendants. Until the decree of confirmation, the sale was incomplete, subject to be set aside, and operated as no divestiture of the title of the defendants. And as the death of the sole plaintiff in the suit, was an abatement or suspension of all authority to proceed further until a revivor of the suit, the subsequent proceedings and decree of confirmation, without such revivor, were irregular and void and vested no title in the purchaser.”
It will be observed that the plaintiff in that case, sued as personal representative simply, and as . such had no title vested in her. For stronger reasons,. *682 the rule announced in that case must obtain here, where the decedant was the sole defendant, with the entire legal title in himself.
Even admitting, for the purposes of this case, that a citizen may take advantage of the alienage of his adversary in questions involving title to realty, the defendants here are not in a condition to make avail of that defense. The statement of the answer under which that defense is attempted, does not make it distinctly appear that the claim of complainants is to be resisted upon the ground of the alienage of Stephen Leonard and those claiming under him; the rule being: “No relief shall be granted upon any matter which does not distinctly appear in either the bill or answer.”'
The reasonable and natural interpretation of the statement is, a denial of the claim upon the fact of marriage and widowhood as to Ellen, and the next of kin as to the sister, and that it could not be reasonably intended to have underlying it alienage, or other special defenses: the proof of a general fact, tending to show the truth of which, would devolve upon the complainants the burden of affirmative proof of special matter in avoidance.
The decree of the Chancellor is reversed. Decree here for complainants.-