ELMORE HOLMES, III, Administrator c. t. a. of the Estate of B. B. JEFFERSON, Deceased, B. B. JEF-FERSON, JR. and DUDLEY F. JEFFERSON, Appellees, v. ETHEL E. DORRIS, Appellant.
—399 S.W.(2d) 512.

Western Division, at Jackson. January 31, 1964.

Certiorari Denied by Supreme Court May 8, 1964.

Charles E. Nearn, Robert I. Livingston, James H. Bostick, Memphis, for appellant.

Thomas R. Prewitt, John H. Wilbur, Armstrong, McCadden, Allen, Braden & Goodman, Memphis, for appellees.

CARNEY, J. The defendant below, Mrs. Ethel E. Dorris, a registered nurse, has appealed from a decree of the Chancery Court of Shelby County setting aside two warranty deeds executed by Rosa Bradford Jefferson, deceased. In the two deeds seven different parcels of real estate located in Memphis, Tennessee, valued at approximately $75,000 were conveyed to the defendant.

The two deeds were executed by Miss Jefferson on May 14, 1959, and on April 4, 1961, while the defendant, Ethel Dorris, was living in the home with her and ministering to her as a nurse. Rosa Bradford Jefferson's sole heir at law and next of kin at the time of the execution of the two deeds was her brother, B. B. Jefferson, Sr. Rosa Bradford Jefferson died September 5, 1962, at the age of 86. B. B. Jefferson died May 14, 1963, at the age of 89. The only heirs and sole beneficiaries under the will of B. B. Jefferson, Sr. deceased, are the present complainants, B. B. Jefferson, Jr. and Dudley F. Jefferson.

On October 8, 1962, John H. Wilbur was appointed Conservator of the estate of B. B. Jefferson in the Probate Court of Shelby County, Tennessee, because of the physical incapacity and mental weakness of B. B. Jefferson who was at that time 89 years of age. On October 11, 1962, John H. Wilbur as Conservator of the person and estate of B. B. Jefferson filed the original bill in this cause against the defendant, Ethel E. Dorris, in which it was averred that Rosa Bradford Jefferson had

died on September 5, 1962, at 86 years of age leaving as her only heir and next of kin the said B. B. Jefferson, Sr.; that on September 7, 1962, the defendant, Ethel Dorris, had filed petition for probate in solemn form of the purported will of Rosa Bradford Jefferson, deceased; and that the complainant, John H. Wilbur, Conservator, had filed reply in the Probate Court of Shelby County to the petition for probate of said will in solemn form in which reply the complainant instituted contest of the will requiring the same to be certified to the Circuit Court of Shelby County, Tennessee, for trial on an issue of devisavit vel non.

The original bill by the Conservator further averred that the defendant, Ethel Dorris, was a registered nurse regularly employed for many years at St. Joseph Hospital in Memphis, Tennessee; that the defendant, in 1956, moved into the home of the deceased, Rosa Bradford Jefferson, who was then 82 years of age, an alcoholic, physically and mentally weak and incapable of managing her own affairs; that the defendant agreed to render part-time nursing services to the deceased, Rosa Bradford Jefferson, and to her brother, B. B. Jefferson, Sr., who was then living in the home with his sister.

The bill further averred that the defendant immediately took control of Rosa Bradford Jefferson's business affairs including the right of entry into her safety deposit box in the bank and also her savings account of something over $5,000.00 in Leader Federal Savings & Loan Association; that she collected rent from various properties owned by the decedent and acted as her agent and attorney in fact. By the deed dated May 12, 1959, Rosa Jefferson conveyed to the defendant, Ethel E. Dorris, a house and lot located at 1409 Vinton Avenue in the city

of Memphis, Tennessee. By deed of date April 4, 1961, Rosa B. Jefferson conveyed unto Ethel E. Dorris six other parcels of real estate located in Memphis, Tennessee, in which the deceased, Rosa B. Jefferson, retained a life estate.

On the same day, April 4, 1961, Rosa Bradford Jefferson executed a will in which she named Ethel E. Dorris as sole beneficiary and executrix without bond. This will referred to the execution of the warranty deed of same date in which the defendant was conveyed the remainder interest in six parcels of land and in which Rosa Jefferson had retained a life estate. It made no mention of the former deed of date May 14, 1959, in which the house at 1409 Vinton Avenue in Memphis was conveyed in fee simple.

The original bill of John H. Wilbur, Conservator, averred that the two deeds of date May 14, 1959, and April 4, 1961, were invalid because of the mental incompetency of Rosa Bradford Jefferson, because of fraud and undue influence practiced upon her by the defendant, because of failure of consideration and lack of competent and independent advice to the grantor, Rosa Bradford Jefferson, and averred that Ethel E. Dorris stood in a confidential relationship toward Rosa Bradford Jefferson. The defendant filed her answer denying the invalidity of the deed and demanded a jury.

The trial started before a jury on Monday, May 6, 1963, and continued on through Friday, May 10, 1963; the jury was respited until Monday, May 13, 1963, when the trial was again resumed. All of the evidence was completed on the afternoon of Monday, May 13, 1963. On Tuesday morning, May 14, 1963, at 7:45 A.M., B. B.

Jefferson, Sr. died in a nursing home in Memphis, Tennessee.

Notice of Mr. Jefferson's death was relayed to the Chancellor during the course of argument of counsel but before the issues were submitted to the jury. The defendant, through her counsel, moved the Court for a mistrial. The Chancellor overruled the motion for a new trial and submitted the issues to the jury without permitting counsel to state to the jury that the real complainant, B. B. Jefferson, Sr., principal and ward of John H. Wilbur, Conservator, had died.

On the same day, May 14, 1963, the jury returned its verdict finding all of the issues against the defendant and in favor of the complainant, John H. Wilbur, Conservator; that is, that Rosa Bradford Jefferson was mentally incompetent at the time of the execution of the deed; that the defendant procured the execution of the deeds by fraud and undue influence; that there was no consideration paid for said deeds and that Rosa Bradford Jefferson did not have the benefit of competent and independent advice prior to the execution of said deeds.

On May 21, 1963, the defendant filed a motion to dismiss the original complaint or for a mistrial of the cause or in the alternative for a new trial on the grounds that the court improperly submitted to the jury the issues of fact after notice of the death of B. B. Jefferson, Sr. and before any revivor of the cause. On May 24, 1963, John H. Wilbur, as Conservator of B. B. Jefferson, deceased, Elmore Holmes, III, as Administrator C. T. A. of the estate of B. B. Jefferson, deceased, B. B. Jefferson, Jr. and Dudley F. Jefferson, as the sons, only heirs and sole beneficiaries of the deceased, B. B. Jefferson, Sr., filed a motion to revive the cause in their names as complain-

ants; they also sought a decree based on the verdict of the jury on the issues of fact and for certain other injunctive relief against the defendant, Ethel E. Dorris, relating to the accounting for certain personal property alleged to have come into her hands and formerly belonging to the deceased, Rosa Bradford Jefferson.

On May 31, 1963, the Court entered an order granting the motion to revive the cause and on the same day in a separate order entered a decree on the verdict of the jury setting aside the two warranty deeds; overruling the motion of defendant to dismiss the bill for mistrial or in the alternative for a new trial and granting the defendant a discretionary appeal to this Court.

The defendant has made two assignments of error in this Court in which it is averred that the Trial Court erred in proceeding with the trial of the cause subsequent to the oral suggestion of the death of Mr. B. B. Jefferson, Sr., the real complainant and that the Court erred in overruling defendant's motion to dismiss the complaint or for mistrial or in the alternative for a new trial after the verdict of the jury had been received.

The defendant contends that when a party dies, the suit as to such party dies; that a decree rendered either in favor of or against the deceased party is an absolute nullity and that until the suit has been resurrected by a scire facias or a revivor no valid step can be taken affecting the dead party or those standing in his shoes, citing Morrison v. Deaderick, 29 Tenn. 342.

Also from Rogers, et al. v. Breen, 56 Tenn. 679, defendant relies upon the following quotation: "The death of a sole defendant or complainant during the pendency of a suit in equity causes the action to abate or suspend."

And again from Anderson, et al. v. Stribling, et al., 15 Tenn.App. 267, the following quotation: "A revivor of a pending suit, upon the death of a necessary party, is indispensable. In the absence of a seasonable revivor, the suit abates and a judgment or a decree rendered either in favor of or against the deceased party is an absolute nullity." Then, finally, the following quotation from Gibson's Suits in Chancery, 5th Edition, Section 744, "When a suit in Chancery is abated":

"Whenever a suit in Chancery becomes defective, for want of parties before the Court, by or against whom it can, in whole or in part, be prosecuted, it is said to be abated. An abatement in the sense of the Common Law, is an entire destruction of the suit, so that it is quashed and ended. But in the sense of Courts of Equity, an abatement signifies only a present suspension of all proceedings in the suit, from the want of proper parties capable of proceeding, or being proceeded against, therein. At the Common Law, a suit when abated, is absolutely dead. But in Equity a suit, when abated, is merely in a state of suspended animation; and may be revived. The death, or marriage, of one of the original parties to the suit is the most common cause of the abatement of a suit in Equity."

It is the contention of the appellees that the defendant could not possibly have been prejudiced by the fact that the cause was not revived in favor of the appellees before the verdict of the jury because the status of the party complainant was immaterial as to any of the issues actually submitted to the jury; and that so long as there were in fact heirs at law entitled to maintain the suit it could not make any difference in the trial of the cause just who these heirs were.

We copy the following Code sections relating to abatement and revivor of suits:

"20-601. No abatement where cause survives.—Actions do not abate by the death, or other disability of either party, or by the transfer of any interest therein, if the cause of action survives or continues. [Code 1858, sec. 2845 (deriv. Acts 1785, ch. 2, sec. 2; 1786, ch. 14, sec. 1; 1819, ch. 16, secs, 1, 3; 1835-1836, ch. 77, sec. 1); Shan., sec. 4568; mod. Code 1932, sec. 8693.]

"20-602. Actions surviving death of party. — No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived. [Code 1858, sec. 2846 (deriv. Acts 1835-1936, ch. 77, sec. 1); Shan., sec. 4569; Code 1932, sec. 8694.]

"20-615. Revival after death of one plaintiff.— Where one (1) or more of several plaintiffs, not partners, dies, the person entitled to represent the decedent may revive, by motion, at any time before the cause is tried or abated. But, if the suit is not thus revived within the two (2) terms allowed, the defendant may revive or elect to proceed to trial with the surviving plaintiff, or abate the suit, if revivor is necessary. [Code 1858, secs. 2851, 2852 (deriv. Acts 1825, ch. 65, sec. 3); Shan., sec. 4573; Code 1932, sec. 8698.]

"20-618. Party substituted in revivor.—Suit abated by the death of either party, may be revived by or against the heir, personal representative, guardian, or assign, as the case may be, who may be legally entitled to the decedent's place in the subject-matter of litiga-

tion. [Code 1858, sec. 2858 (deriv. Acts 1786, ch. 14, sec. 1; 1794, ch. 1, sec. 64; 1809 (Sept.), ch. 121, sec. 3); Shan., sec. 4579; Code 1932, sec. 8704.]

"20-619. Method of revivor.—The action may be revived by the proper person entitled to the decedent's place, by motion alone, and by the adverse party against such proper person, by consent of that person on mere motion, and without consent by scire facias or notice. [Code 1858, secs. 2855, 2856; Shan., sec. 4576; Code 1932, sec. 8707.]"

The evidence heard by the Court and jury below is not preserved in the bill of exceptions. However, the record does affirmatively show that after the death of B. B. Jefferson, Sr. was orally suggested to the Court, admitted by complainant's counsel, and after solicitors for defendant moved the Court for a mistrial which was then and there overruled by the Court, duly excepted to, the Chancellor stated that it was the intention of the Court to charge the jury and submit the issues of fact to the jury for their deliberation and verdict without disclosing to them that the real complainant, B. B. Jefferson, Sr., had died and this the Court did.

The original bill filed in this cause sought the recovery of real estate and also personal property for B. B. Jefferson, Sr. as next of kin and only heir of Rosa B. Jefferson. Therefore upon B. B. Jefferson, Sr.'s death it was necessary that the suit be revived in the name of the persons entitled to stand in the place of B. B. Jefferson, Sr. in the subject matter of the litigation. T.C.A. Section 20-618. The Conservator could not continue as sole party complainant.

Since the suit sought recovery of personal property and/or a money judgment it was necessary that the

Administrator C. T. A. of B. B. Jefferson, Sr. be made a party complainant; since the suit also sought recovery of real estate it was necessary that the devisees under his will be made party complainants. His two sons above named were his only heirs and also sole devisees under his will. Gibson's Suits in Chancery, 5th Edition, Section 120. In our opinion His Honor the Chancellor, after the death of Mr. Jefferson was suggested and admitted, was in error in proceeding with the case without revivor in the name of the proper party complainants and in withholding from the jury the information of Mr. Jefferson's death. However, we do not hold such error to be reversible.

■ No assignment of error was made to this action of the Court. The only assignment of error complains of the refusal of the Chancellor to grant a mistrial. The defendant was not entitled to a mistrial but only to have the proceedings suspended until the cause was revived in the name of the proper parties. Only upon a failure or refusal of the proper parties to be substituted and to continue in the cause as parties complainant would the defendant have been entitled to a mistrial.

The action of the Chancellor in reviving the cause in the name of the proper parties complainant after the verdict of the jury was received but before a decree was entered thereon cured all defects resulting from the failure of the Chancellor to require the cause to be revived before the submission of the case to the jury.

In Memphis Street Railway Co. v. Cooper, 203 Tenn. 425, 313 S.W.(2d) 444, there was a wrongful death action brought by Rosa Lee Cooper, Administratrix of the estate of Robert Cooper. The declaration alleged that Rosa Lee Cooper was the widow of the deceased and that she

brought the suit for benefit of herself and five minor children of the decedent. After a verdict in favor of the plaintiff it was learned that Rosa Lee Cooper was not the widow of the decedent and the children were not his children; that the next of kin were two brothers of decedent. These facts were set out in the motion for a new trial and the Trial Judge set the verdict aside. The two brothers then brought suit for the death of their brother, Robert Cooper, which suit resulted in a verdict for the defendants.

On appeal in error this Court held that the Trial Judge improperly heard evidence on the motion for a new trial that Rosa Lee Cooper was not the widow of Robert Cooper, deceased, and improperly granted a new trial. The judgment in favor of Rosa Lee Cooper, Administratrix of Robert Cooper, was reinstated.

The Tennessee Supreme Court, opinion by Chief Justice Burnett, affirmed the judgment of this Court reinstating the verdict in favor of Rosa Lee Cooper, Administratrix of the estate of Robert Cooper. Justice Burnett expressly rejected the argument that the jury were influenced by the fact that the alleged widow and alleged children of deceased were present in court and exhibited to the jury. He stated that the verdict in favor of Rosa Lee Cooper, as Administratrix, was a valid verdict and that the matter of who was entitled to receive the proceeds of the judgment could be established at the time of making distribution by the Administratrix.

■ By analogy it cannot be successfully argued that the defendant, Ethel Dorris, was prejudiced by the jury being kept in ignorance of Mr. Jefferson, Sr.'s death. The identity of the ones to benefit from a recovery did not bear directly on the issues to be decided by the jury.

It follows that the assignments of error must be respectfully overruled and the judgment of the lower court affirmed at the costs of the appellant.

Avery, P.J.(W.S.), and Bejach, J., concur.