IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2005 Session

## MOSES PIENY v. UNITED IMPORTS, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-885      Thomas W. Brothers, Judge**

---

**No. M2004-01695-COA-R3-CV - Filed September 6, 2005**

---

The appellant, United Imports, Inc. ("United") seeks relief from a circuit court's order on its appeal from a general sessions action brought by the late Moses Pieny. Pursuant to a Local Rule of Practice, the circuit court's order dismissed United's appeal and adopted the general sessions order in favor of the deceased plaintiff. We reverse the order of the trial court and remand the case to the circuit court for dismissal of the claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J. and DONALD P. HARRIS, SR. J., joined.

Joel H. Moseley, Sr., Nashville, Tennessee, for the appellant, United Imports, Inc.

Ralph W. Mello, Nashville, Tennessee, for the appellee, Moses Pieny.

### OPINION

The appeal in this case concerns a peculiar, almost singular, issue of procedural law and local practice. The determinative facts of the controversy are not in dispute and appear in United Imports, Inc.'s Statement of Undisputed Facts:

> 1.     On or about June 1, 2003, the plaintiff, Moses Pieny, was murdered.
> RESPONSE:
>
> 2.     Mr. Ralph Mello, the attorney who had represented the plaintiff, announced this in open court on June 6, 2003.

1

RESPONSE:

     3.    The plaintiff's attorney submitted an order on June 10, 2003, with certificate of service on all other parties, which order contained a suggestion of death of the plaintiff.
RESPONSE:

     4.  As of February 20, 2004, no motion for substitution of the plaintiff has been filed in this case.
RESPONSE:

The case originated in general sessions court when the plaintiff, Mr. Pieny, filed a civil warrant alleging a violation of the Tennessee Consumer Protection Act. That warrant resulted in a judgment for Moses Pieny in the amount of $5,985. Though the appeal bond in the record before this Court suggests that United appealed from the judgment on March 19, said appeal was not stamped as filed in the circuit court clerk's office until March 26, 2003.

At the time the general sessions judgment was appealed, the Local Rules of Practice for courts of record in the 20th Judicial District contained the following requirement regarding the obtaining of a court date:

**RULE 20.  GENERAL SESSIONS APPEALS IN CIRCUIT COURT**

     a. It shall be the duty of the parties and/or their attorneys to determine when a case appealed from the General Sessions Court is filed with the Circuit Court Clerk.
     b. Once the warrant being appealed is received by and filed with the Circuit Court Clerk, the appellant has the duty to set the appeal for a hearing before a trial judge. The appellant has forty five (45) days to secure a trial date from the court. This time is counted from the date the Circuit Court Clerk files the appealed warrant. If the appellant fails to secure this order within the 45 day time period, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's office, the clerk shall give the appellant or the appellant's attorney written notice of this rule.
     c. The signature of an attorney or party to an appeal from General Sessions Court shall constitute a certificate under Tenn.R.Civ.P. 11.

On May 9, 2003, the 44th day of the period as counted from March 26, United filed its Motion to Set the Case for Trial. The Motion was scheduled to be heard on June 6, 2003. On June 2, 2003, in accordance with Local Rule of Practice 26.04(e), Plaintiff filed its Response to Defendant's Motion to Set arguing that the defendant's failure to secure an order consistent with Rule 20(b) mandated the dismissal of the appeal and adoption of the general sessions judgment as

2

the judgment of the circuit court. As fate would have it, Plaintiff Pieny was shot and killed on June 1, 2003. The motion was argued on June 6, after which the court entered the following order:

> This matter came to be heard on June 6, 2003 upon the Defendant's motion for an order setting this case for trial. This is an appeal from the Davidson County General Sessions Court following a judgment for the Plaintiff. Upon reviewing the entire file in this case, the pleadings filed by the parties, and the argument of counsel the court finds that the Defendant failed to obtain a trial date within the forty-five (45) days required by Local Rule 20(b). The Court further finds that the Plaintiff, Moses Pieny, has died since the trial in the Davidson County General Sessions Court and his estate would be substantially and unfairly prejudiced if the Court were to set this case for trial and allow the Defendant to proceed with its appeal despite its failure to comply with Local Rule 20(b).

> THEREFORE, the Defendant's motion to set this case for trial is DENIED.

The order denying the motion did not adopt the order of the general sessions court. The case was therefore set for a conference at 1:45 p.m. on March 2, 2004, by order entered December 12, 2003. Prior to the scheduled conference date, on February 23, 2004, United filed its Motion for Summary Judgment including the Statement of Material Facts Not In Dispute which was quoted above. The defendant argued to the trial court that, due to the failure of the plaintiff's counsel to substitute a party consistent with the requirements of Tennessee Rule of Civil Procedure 25.01, the defendant therefore was entitled to summary judgment. The Motion came to be heard before the circuit court on April 2, 2004. The court took the following action in it order:

> This Court has previously denied the Defendant's Motion to Set this General Sessions Appeal for Trial since the Motion to Set was not filed within forty-five (45) days of the appeal and the Plaintiff's claim would suffer substantial unfair prejudice since the Plaintiff had died. Since the appeal could not be set for hearing, pursuant to Local Rule 20, an Order should have been entered dismissing this appeal and making the General Sessions Order the Order of this Circuit Court.

> Accordingly, this Court hereby dismisses this appeal and adopts the General Sessions judgment in the amount of $5,985.00 and especially makes it an Order of this Court.

On April 16, 2004, the defendant filed a Motion to Alter or Amend the Order of the Court. By Order filed June 29, 2004, the circuit court denied the Motion to Alter or Amend, finding in pertinent part:

> This Court finds that Defendant's position is without merit. Although the case was appealed on March 19, 2003, it was not officially "received" by the clerk

3

until March 26, 2003. Therefore the forty-fifth day fell upon May 10, 2003 (which was actually 52 days after Defendant had initiated the appeal), which was a Saturday and therefore the period was extended until May 12, 2003. A Motion to Set filed on May 9th falls on the forty-fourth day of the period. This late filing made it impossible to secure a trial date within the 45 days. There is no showing of why the Defendant did not file the motion any earlier. There is also no showing why the motion was not set to be heard until June 6th. These were all matters within the control of the Defendant.

Despite the fact that this Court has historically shown extreme lenience in allowing General Sessions appeals to be set, provided some sincere effort to set had been shown, in the present case, it is clear that the Plaintiff would be substantially and unfairly prejudiced by allowing this appeal to go forth since the Plaintiff was apparently the sole witness on his behalf and his death makes prosecution of his claim impossible. Further, the Court finds that no justifiable excuse has been shown as to why no effort was made to set this matter for trial within the guidelines of our Local Rules.

Accordingly, this Court respectfully denies Defendant's Motion to Alter or Amend and reaffirms its dismissal of this appeal and adopts the General Sessions judgment in the amount of $5,985.00 together with costs of $195.00.

United appeals from the orders of the court, arguing that the filing of the Motion to Set constituted compliance with the Local Rule in accordance with this Court's decision in *May v. Woodlawn Memorial Park, Inc.*, No. M2001-02945-COA-R3-CV, 2002 WL 31059223 (Tenn.Ct.App.). United further argues that since there was no substitution of a party plaintiff within 90 days of the suggestion of death upon the record, as provided in Tennessee Rule of Civil Procedure 25.01, that United is entitled to summary judgment.

PRACTICE UNDER LOCAL RULE

The challenge in this appeal does not concern the authority of circuit courts to promulgate Rules of Practice; such power has been well established by our Supreme Court rules and affirmed by statute. *See* Tenn.R.Sup.Ct. 18(a)(1); *see also* Tenn.Code Ann. § 16-2-511. However, the first part of United's two-step challenge concerns the mode of practice under these local rules and the effect of those rules on a controversy. In this regard, we find the following discussion from *May* instructive.

Local Rule 20(b) states that the appellant has to secure a trial date from the court and contemplates that securing a trial date is by court order. To obtain such an order, a written motion must be filed. Tenn.R.Civ.P. 7.02. The primary principle underlying

4

these decisions is that "procedural rules should be used to enhance, rather than impede, the search for justice and avoid legal technicalities and procedural niceties." *See Levy v. Bd. of Zoning Appeals, Williamson County*, M1999-001260COA-R3-CV, 2001 Lexis 722 *1 at *12 (Tenn.Ct.App. Sept. 27, 2001). Consequently, where no prejudice exists, procedural rules should not be used to "thwart the consideration of cases on their merits." *Id.* at *13; *see also* Wallace v. Wallace, 733 S.W.2d 102, 106 (Tenn.Ct.App.1987). "[I]t is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits." Childress v. Bennett, 816 S.W.2d 314, 316 (Tenn.1991) (*citing* Stapp v. Andrews, 172 Tenn. 610, 113 S.W.2d 749, 750 (1938)).

*May v. Woodlawn Memorial Park, Inc.*, 2002 WL 31059223, *2.

*May* concerned an unsuccessful plaintiff who had suffered a dismissal in general sessions court for failure to prosecute. The plaintiff appealed to the circuit court, and, having filed its Motion to Set within the 45-day time limit, obtained a hearing date outside of that limit. In considering the effect of this failure on the merits, this Court held:

> The trial court's requirement that Appellant secure an actual date, after he had filed a Motion to Set, erects a technical barrier to appeal, such as our Supreme Court has cautioned against. *See* Johnson v. Hardin, 926 S.W.2d 236, 238 (Tenn.1996). Neither an attorney nor a pro se litigant has the power to mandate a court to set a hearing date. The most that the attorney can do is to request, by motion, that a date be set. Once that motion has been filed, the matter is, for all intents and purposes, out of the hands of the attorney or litigant. As in *Frazier*, *supra*, the appellant has taken the steps within his power to obtain a trial date. *See Eaton Crop. v. Appliance Valves Co.*, 634 F.Supp. 974, 982-83 (N.D.Ind.1984). Consequently, in the instant case, it would fly in the face of justice to require that the matter actually be set within the forty-five (45) day period prescribed by Local Rule 20(b). Such a holding could open the rule to abuse and contravene the purpose behind the *Tennessee Rules of Civil Procedure*.

*May v. Woodlawn Memorial Park, Inc.*, 2002 WL 31059223, *3.

This policy in support of a decision on the merits is echoed in our statutes:

> **16-15-729. Trial de novo on appeal — Decision on merits. —** No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms

as may be deemed just and proper. The trial shall be de novo, including damages. [Code 1858, § 4177 (deriv. Acts 1851-1852, ch. 100, § 2); § 5989; mod. Code 1932, § 10190; impl. am. Acts 1979, ch. 68, §§ 2, 3; T.C.A. (orig. ed.), § 19-425; Acts 1993, ch. 241, § 46; T.C.A., § 19-1-118; Acts 1995, ch. 418, § 1.]

Tenn.Code Ann. § 16-15-729 (Supp.2004).

This *de novo* appeal in circuit court is not like other appellate proceedings:

De novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. *Hohenberg Bros. Co. v. Missouri Pac. R.R.*, 586 S.W.2d 117, 119 (Tenn.Ct.App. 1979). Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court. *Teague v. Gooch*, 206 Tenn. 291, 296, 333 S.W.2d 1, 3 (1960); *Odle v. McCormack*, 185 Tenn. 439, 445, 206 S.W.2d 416, 419 (1947); *Braverman v. Roberts Constr. Co.*, 748 S.W.2d 433, 435 (Tenn.Ct.App.1987); Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-10, at 115 (3d ed. 1991) ("Pivnick").

*Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 185 (Tenn.1995).


DEATH AND REVIVER

Our analysis of this portion of Appellant's challenge begins with Rule 25 of the Tennessee Rules of Civil Procedure:

**25.01 Death.** — (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Tenn.R.Civ.P. 25.01 (emphasis added).

In the case at bar, the action to be dismissed is the appeal from general session court. However, if the appeal is dismissed as to the deceased plaintiff, the question remains does this dismissal have the effect of a binding judgment in the defendant's favor, extinguishing the claim

6

which plaintiff won in the general sessions court. For an answer to this question, the Court turns to the supplemental authority submitted on United's behalf:

> The defendant contends that when a party dies, the suit as to such party dies; that a decree rendered either in favor of or against the deceased party is an absolute nullity and that until the suit has been resurrected by a scire facias or a revivor no valid step can be taken affecting the dead party or those standing in his shoes, citing Morrison v. Deaderick, 29 Tenn. 342.

> Also from Rogers, et al. v. Breen, 56 Tenn. 679, defendant relies upon the following quotation: 'The death of a sole defendant or complainant during the pendency of a suit in equity causes the action to abate or suspend.' And again from *Anderson, et al. v. Stribling, et al.*, 15 Tenn.App.267, the following quotation: 'A revivor of a pending suit, upon the death of a necessary party, is indispensable. In the absence of a seasonable revivor, the suit abates and a judgment or a decree rendered either in favor of or against the deceased party is an absolute nullity.' Then, finally, the following quotation from Gibson's Suits in Chancery, 5th Edition, Section 744, 'When a suit in Chancery is abated':

>> 'Whenever a suit in Chancery becomes defective, for want of parties before the Court, by or against whom it can, in whole or in part, be prosecuted, it is said to be abated. An abatement in the sense of the Common Law, is an entire destruction of the suit, so that it is quashed and ended. But in the sense of Courts of Equity, an abatement signifies only a present suspension of all proceedings in the suit, from the want of proper parties capable of proceeding, or being proceeded against, therein. At the Common Law, a suit when abated, is absolutely dead. But in Equity a suit, when abated, is merely in a state of suspended animation; and may be revived. The death, or marriage, of one of the original parties to the suit is the most common cause of the abatement of a suit in Equity.'

> It is the contention of the appellees that the defendant could not possibly have been prejudiced by the fact that the cause was not revived in favor of the appellees before the verdict of the jury because the status of the party complainant was immaterial as to any of the issues actually submitted to the jury; and that so long as there were in fact heirs at law entitled to maintain the suit it could not make any difference in the trial of the cause just who these heirs were.

> We copy the following Code section relating to abatement and revivor of suits:

7

'20-601.  No abatement where cause survives. – – Actions do not abate by the death, or other disability of either party, or by the transfer of any interest therein, if the cause of action survives or continues. [Code1858, §2845 (deriv. Acts 1785, ch. 2, § 2; 1786, ch. 14, § 1; 1819, ch. 16, §§ 1, 3; 1835-1836, ch. 77 §1); Shan., § 4568; mod. Code 1932, § 8693.]

'20-602.  Actions surviving death of party. – – No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived. [Code 1858, §2846 (deriv. Acts 1835-1836, ch. 77, § 1); Shan., §4569; Code 1932, § 8694.]

'20-615.  Revival after death of one plaintiff. – – Where one (1) or more of several plaintiffs, not partners, dies, the person entitled to represent the decedent may revive, by motion, at any time before the cause is tried or abated.  But, if the suit is not thus revived within the two (2) terms allowed, the defendant may revive or elect to proceed to trial with the surviving plaintiff, or abate the suit, if revivor is necessary. [Code 1858, §§ 2851, 2852 (deriv. Acts 1825, ch. 65, § 3); Shan., §4573; Code 1932, §8698.]

'20-618.  Party substituted in revivor. – – Suit abated by the death of either party, may be revived by or against the heir, personal representative, guardian, or assign, as the case may be, who may be legally entitled to the decedent's place in the subject-matter of litigation. [Code 1858, §2858 (deriv. Acts 1786, ch. 14, § 1; 1794, ch. 1, § 64; 1809 (Sept.) Ch. 121, § 3); Shan., § 4579; Code 1932, § 8704.]

'20-619.  Method of revivor. – – The action may be revived by the proper person entitled to the decedent's place, by motion alone, and by the adverse party against such proper person, by consent of that person on mere motion, and without consent by scire facias or notice. [Code 1858, §§ 2855, 2856; Shan., §4576; Code 1932, § 8701.]'

The evidence heard by the Court and jury below is not preserved in the bill of exceptions.  However, the record does affirmatively show that after death of B. B. Jefferson, Sr. was orally suggested to the Court, admitted by complainant's counsel, and after solicitors for defendant moved the Court for a mistrial which was then and there overruled by the Court, duly excepted to, the Chancellor stated that it was the intention of the Court to charge the jury and submit the issues of fact to the jury for their deliberation and verdict without disclosing to them that the real complainant, B. B. Jefferson, Sr., had died and this the Court did.

The original bill filed in this cause sought the recovery of real estate and also personal property for B. B. Jefferson, Sr. as next of kin and only heir of Rosa B. Jefferson.  Therefore upon B. B. Jefferson, Sr.'s death it was necessary that the suit be revived in the name of the persons entitled to stand in the place of B. B. Jefferson, Sr. in the subject matter of the litigation.  T.C.A. Section 20-618.  The Conservator could not continue as sole party complainant.

Since the suit sought recovery of personal property and/or a money judgment it was necessary that the Administrator C. T. A. of B. B. Jefferson, Sr. be made a party complainant; since the suit also sought recovery or real estate it was necessary that the devisees under his will be made party complainants. His two sons above named were his only heirs and also sole devisees under his will. Gibson's Suits in Chancery, 5th Edition, Section 120. In our opinion His Honor the Chancellor, after the death of Mr. Jefferson was suggested and admitted, was in error in proceeding with the case without revivor in the name of the proper party complainants and in withholding from the jury the information of Mr. Jefferson's death.

*Holmes v. Dorris*, 399 S.W.2d 512, 515-57 (Tenn.Ct.App.1964).

Our statutes provide for *de novo* hearings in the circuit court on appeal from general sessions. In addition, "if the papers are properly returned and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs." Tenn.Code Ann. § 27-5-107. This statute would suggest that should United have failed to prosecute its appeal, then indeed Mr. Pieny would be entitled to an affirmance with the judgment in general sessions court and costs. As has already been discussed, there was no failure upon the part of the appellant to prosecute its appeal, and that all it could do it did. To the contrary, once the Motion to Set was denied, the duty devolved upon the appellee/plaintiff to substitute a proper party in accordance with Rule 25.01. This rule did not abrogate the process by which actions are revived. The process simply allows the substitution of an appropriate representative party. *See* Tenn.Code Ann. § 30-2-320, *Midsouth Pavers, Inc. v. Arnco Construction, Inc.*, 771 S.W.2d 420, 424 (Tenn.Ct.App.1989). Without such substitution, any action taken by the court lacks adjudicative effect. We find the following language of long standing from our Supreme Court illustrative of the steps to be taken on behalf of the plaintiff:

The sole object of Sec. 2849 of the Code is to prevent an abatement or discontinuance of a suit on account of the death of either party, where no person will administer on the estate of a deceased plaintiff or defendant. To prevent such abatement or discontinuance, it is provided that the suit may be revived by or against the heirs of the decedent, in whose favor or against whom a judgment may be rendered. But such judgment cannot be rendered against the heirs or in their favor, except in their representative character.

*Brown v. L. Rocco & Co.*, 56 Tenn. 187 (1872).

Appellee's counsel would argue that, since this claim from general sessions court is the only asset which would appear in Mr. Pieny's estate, should one be opened, such an opening would prove pointless. However, the record reveals that no application for the appointment of a public administrator for the estate had been made.

United Imports, Inc. is not responsible for the untimely death of Mr. Pieny. Having been cast in General Sessions Court, United exercised its right to appeal to the Circuit Court for a *de novo* trial. Within the 45-day time limitation of Local Rule 20(b), counsel for Appellant filed a Motion to Set the Case for Trial in Circuit. This Motion to Set came on for hearing on June 6, 2003, but on June 1, 2003, Mr. Pieny was shot and killed. The trial court at the June 6th hearing refused to set the case for trial. Thereafter United filed its Motion for Summary Judgement which came on to be heard on April 2, 2004. The trial court thereupon dismissed the appeal and adopted the General Sessions Court judgment. Following the filing of United's Motion to Alter or Amend, the trial court entered its June 29, 2004 Order denying the Motion and asserting "it is clear that the plaintiff would be substantially and unfairly prejudiced by allowing this appeal to go forth since the plaintiff was apparently the sole witness on his behalf, and his death makes prosecution of his claim impossible."

The only thing United failed to do was to have the case actually set for trial in Circuit Court within the 45-day limitation of Rule 20(b). As set forth by this Court in *May v. Woodlawn Memorial Park, Inc.*, 2002 WL 31059223, "The most that the attorney can do is to request, by motion, that a date be set. Once that motion has been filed, the matter is, for all intents and purposes, out of the hands of the attorney or litigant." The result of the holding in the trial court is to cast upon the appellant the burden of the untimely death of Mr. Pieny with no evidence at all that Appellant was complicit in the death of Mr. Pieny or had any advance knowledge of his impending fate.

A judgment has been entered in the trial court in favor of a plaintiff who was deceased at the time the judgment was entered. No administrator has ever been appointed to further prosecute this case. The judgment is a nullity and pursuant to Tennessee Rule of Civil Procedure 25.01, the judgment of the trial court is reversed, and the action is dismissed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the cause are assessed against Appellant, United Imports, Inc.

_____
WILLIAM B. CAIN, JUDGE