IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2013 Session

## PEGGY DOBBINS, As Conservator of the Estate of Frank Bailey, Jr. v. GERALD S. GREEN, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-000581-10, Div. 1     John R. McCarroll, Jr., Judge

No. W2012-00460-COA-R3-CV - Filed March 20, 2013

This is a Tennessee Rule of Civil Procedure 25.01 case. Following plaintiff's death and the filing of a suggestion of death in the trial court, no motion to substitute party was made within the ninety day time period set out in Rule 25.01. The trial court determined that the failure to file a motion for substitution of party was not the result of excusable neglect and granted the Rule 25.01 motion to dismiss the lawsuit. The court subsequently also granted the plaintiff's motion for voluntary dismissal under Tennessee Rule of Civil Procedure 41.01. We conclude that, in the absence of excusable neglect, failure to comply with Rule 25.01 requires mandatory dismissal of the case with prejudice and the lawsuit may not thereafter be revived by the filing of a motion for voluntary dismissal. Reversed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Gerald S. Green, Memphis, Tennessee, Pro Se.

Julian T. Bolton and JoeDae L. Jenkins, Memphis, Tennessee, for the appellee, Peggy Dobbins.

Jay A. Ebelhar and Nolan Johnson, Memphis, Tennessee, for the appellee, CitiFinancial Services, Inc.

Douglas A. Black, Memphis, Tennessee, for the appellees, Regions Bank and Regions Financial Corporations.

James R. Newson, III, Memphis, Tennessee, for the appellees, Springleaf Financial Services, Inc. f/k/a American General Financial Services, Inc.

Michael G. McLaren and Courtney C. McLaren, Memphis, Tennessee, for the appellee, Fidelity & Deposit Company of Maryland.

## OPINION

On February 5, 2010, Plaintiff /Appellee Peggy Dobbins, as conservator of the estate and person of Frank J. Bailey, Jr., a legally incompetent adult, filed suit against Thelma J. Jones, Wilbert Jones, Lue N. Young, Jones H. Young, Gerald S. Green, Fidelity and Deposit Company of Maryland, Inc., Regions Bank, Inc, f/k/a Union Planters Bank, Regions Financial Corporation, f/k/a Union Planters Financial Services, Inc., a/k/a Union Planters Insurance Agency, Inc. d/b/a Regions/Morgan Keegan Financial Services, American General Financial Services, Inc., and CitiFinancial Services Inc. (together, "Defendants"). In relevant part, the complaint avers that the Defendants engaged in a conspiracy to defraud Frank J. Bailey, Jr. of his inheritance, after the death of his father, Frank J. Bailey, Sr. Mr. Bailey, Sr.'s estate was opened in the Shelby County Probate Court on March 2, 2001. The attorney of record for Mr. Bailey, Sr.'s estate is Gerald S. Green, the sole Appellant in this appeal. The facts surrounding the alleged conspiracy to defraud Mr. Bailey, Jr. are not germane to the instant appeal. Rather, the instant appeal involves procedural issues that arose after Mr. Bailey, Jr. died on June 27, 2012.

After Mr. Bailey, Jr.'s death, on June 29, 2012, Mr. Green filed a Suggestion of Death under Tennessee Rule of Civil Procedure 25.01(1), which provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Tennessee Rule of Civil Procedure 25.01(1) requires that a motion for substitution of party must be made within ninety (90) days of the filing of the suggestion of death. As of

October 1, 2010, more than ninety days after Mr. Green filed the suggestion of Mr. Bailey, Jr.'s death, no motion for substitution of party had been filed. Accordingly, Mr. Green filed a motion to dismiss the lawsuit. The other Defendants later joined in Mr. Green's motion to dismiss.

On October 6, 2010, Ms. Dobbins filed a motion for enlargement of time to move for substitution of party. On October 19, 2010, Ms. Dobbins filed a motion for substitution of party. On December 9, 2010, Ms. Dobbins filed a motion for leave to amend the complaint to substitute a different party-plaintiff. These motions, along with Mr. Green's motion to dismiss, were heard on October 13, 2012. At that hearing, Plaintiff's attorney stated to the court that his claim of excusable neglect (in failing to file for substitution of party) "is based solely on (a) his assertion that Tenn. R. Civ. P. 25.01 is an obscure rule, and (b) the fact that he did not calendar the 90-day deadline provided by Tenn. R. Civ. P. 25.01 for moving to substitute parties." The trial court did not find that these reasons constituted excusable neglect. Accordingly, the court orally ruled that the motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 25.01, should be granted.[1] However, the court posed the question of whether the dismissal should be with or without prejudice. The court set a hearing on that question for November 17, 2011 to allow the parties time to brief the issue.

On November 15, 2011, Ms. Dobbins filed a motion for revivor, seeking an order of substitution of party and leave to amend the complaint. This motion was also considered at the November 17, 2011 hearing. Following that hearing, the trial court denied Ms. Dobbins's motion to amend and motion for revivor and orally stated that the dismissal, under Tennessee Rule of Civil Procedure 25.01, would be with prejudice:

> THE COURT: Let me tell you where I am on the various issues that we presented up to now . . . I think that the prior ruling granting the motion to dismiss was proper. I don't think the motion to either amend or revive is proper because . . . I've already ruled on what the issues are. . . . I think that the granting of the motion is dispositive, and therefore, it should be dismissed with prejudice.

For the first time at the November 17, 2011 hearing, which was after the court had orally granted the Rule 25.01 motion to dismiss at the October 13 hearing, Ms. Dobbins asserted that she should be allowed to take a voluntary nonsuit without prejudice, pursuant to Tennessee Rule of Civil Procedure 41.01. Defendants cited the case of ***Hamilton v. Cook***, No. 02A01-9712-CV-00324, 1998 WL 704528 (Tenn. Ct. App. Oct. 12, 1998), for the

---

[1] These findings were set out in the court's January 19, 2012 order, *see infra*.

proposition that a plaintiff loses the right to take a voluntary nonsuit after an oral ruling on a dispositive motion, i.e., in this case, the Tennessee Rule of Civil Procedure 25.01 motion to dismiss. The trial court then set another hearing for January 5, 2012, to determine whether the plaintiff may take a voluntary nonsuit after its oral grant of the Rule 25.01 motion:

> THE COURT: Based on this case [i.e., **Hamilton**], . . . it would appear that having made that prior oral ruling prior to today and reaffirming today, that then the plaintiffs would not be in a position to take a voluntary nonsuit. But I want[] to give them a chance to respond to it . . . . [A]fter you look at it . . . if you are convinced it is good law and you want to enter an order so we can get the appellate process started, that's fine. If you want an oral hearing on it, please let me know and I'll give you an oral hearing.

On November 30, 2011, Ms. Dobbins filed a notice of voluntary nonsuit or, in the alternative, a motion for voluntary nonsuit without prejudice. The court heard additional arguments on January 5, 2012 and entered an order on January 19, 2012, granting Defendants's Rule 25.01 motion without prejudice, and also granting Plaintiff's Rule 41.01 motion for voluntary nonsuit without prejudice.

Mr. Green appeals. There are two issues for review, which we state as follows:

> 1. Whether a dismissal pursuant to Tennessee Rule of Civil Procedure 25.01 operates as a dismissal with prejudice?
>
> 2. If so, whether a plaintiff has a right to voluntarily dismiss the case without prejudice, following an oral ruling of dismissal with prejudice under Rule 25.01?

The facts here are undisputed. After Mr. Bailey, Jr. died, a suggestion of death was filed in the record, but no motion for substitution was made within the ninety-day period prescribed in Tennessee Rule of Civil Procedure 25.01. As noted above, the trial court determined, at the October 13, 2012 hearing, that the failure to file a substitution of party was not excusable neglect that would justify the extension of the ninety day time limit. That finding is not challenged on appeal. Rather, as set out above, the sole issues are questions of law, regarding the proper interpretation of Tennessee Rules of Civil Procedure 25.01 and 41.01. As such, our review is *de novo*, upon the record, with no presumption of correctness. Tenn. R. App. P. 13(d); **Bowden v. Ward**, 275 S.W.3d 913, 916 (Tenn. 2000).

It is undisputed that the Plaintiff made no motion for substitution of party within ninety days after Mr. Bailey, Jr.'s death was suggested on the record. In **Scott v. Roberson**, No. M2011-00016-COA-R3-CV, 2011 WL 3760940 (Tenn. Ct. App. Aug. 24, 2011), this Court held that "[d]espite the mandatory language set forth in Rule 25.01(1), Tenn. R. Civ. P. 6.02 provides that the time within which an act must be performed may be enlarged upon showing of excusable neglect . . . ."[2] However, because the trial court determined that Plaintiff's failure to move for substitution of party was not based upon excusable neglect, which finding is not disputed on appeal, the enlargement of time allowed under Rule 6.02 is not applicable in this case. Accordingly, Plaintiff was required to comply with the mandate of Rule 25.01 by filing a substitution of party within the requisite ninety day period. The question, then, is whether Plaintiff's failure to do so should result in dismissal, with prejudice, of the lawsuit.

In the recent case of **Williams v. Williams**, No. E2012-00162-COA-R3-CV, 2012 WL 3986328 (Tenn. Ct. App. Sept. 12, 2012), the defendant filed a suggestion of death following plaintiff's death. As in the instant case, no motion for substitution of a proper party was made within ninety days after the plaintiff had filed the suggestion of death. **Id**. at *1. Thereafter, the plaintiff filed a motion for voluntary dismissal without prejudice, while the defendant moved for summary judgment. **Id**. The trial court granted plaintiff's motion for voluntary dismissal, despite the plaintiff's failure to comply with the substitution requirement under Rule 25.01. In reviewing the trial court's decision, this Court first noted that "[i]t is Rule 25.01 itself that **requires** action by a trial court if a motion for substitution of proper party is not timely filed." **Id**. at *2 (emphasis added). Indeed, Rule 25.01, as set out in full context above, states that the action "**shall** be dismissed" if a party fails to comply with the requirements contained in the rule. **Id**. at *2 (quoting Tenn. R. Civ. P. 25.01); *see also* Advisory Committee Comment to Tenn. R. Civ. P. 25.01 (amended effective May 17, 2005) ("Rule 25.01 provides that the suit will be dismissed unless a motion for substitution of party is made not later than 90 days after the death is suggested on the record."). Based upon the foregoing, the **Williams** Court reasoned that "[t]he plain language of Rule 25.01 **mandates** a dismissal for failure to comply with the Rule's requirement that a proper party be timely substituted for a deceased party." **Id**. at *2 (emphasis added) (citing **Sowell v. Estate of Davis**, No. W2009-00571-COA-R3-CV, 2009 WL 4929401, at *3 (Tenn. Ct. App. Dec. 21,

---

[2] Tennessee Rule of Civil Procedure 6.02 provides, in pertinent part:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged . . . upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect. . .

2009)).  Accordingly, this Court vacated the trial court's judgment and dismissed the action, with prejudice, pursuant to Tennessee Rule of Civil Procedure 25.01:

> Given the **mandatory** language of Rule 25.01, the trial court should have **dismissed** Plaintiff's action **pursuant to Tenn. R. Civ. P. 25.01**, rather than granting either Plaintiff's Motion for Voluntary Dismissal or Regions Bank's Motion for Summary Judgment.

*Williams*, 2009 WL 4929402 at *3 (emphases added).

The *Williams* holding is clear—Tennessee Rule of Civil Procedure 25.01 embodies a unambiguous procedural mechanism for the dismissal of civil actions when the trial court determines that, in the absence of excusable neglect, a party has failed to file a timely motion for substitution of party following the filing of a suggestion of death.  The *Williams* case also stands for the proposition that, once Tennessee Rule of Civil Procedure 25.01 operates to dismiss the claim, the claim cannot be revived by other means, i.e., under other rules of procedure.

The *Williams* case is in keeping with the purpose of Rule 25.01, which is revivor of an action that has abated.  At common law, the death of a party resulted in abatement of all lawsuits involving that party until such time as the suit was properly revived.  *See, e.g., Rogers v. Breen*, 56 Tenn. 679, 1872 WL 3905 (Tenn. 1872) (stating that "the death of the sole plaintiff in the suit was an abatement or suspension of all authority to proceed further until revivor of the suit.").  "Abatement, in the sense of common law, is an entire overthrow or destruction of the suit, so that it is quashed and ended.  At common law, a suit, when abated, is absolutely dead." *Carver v. State*, 398 S.W.2d 719 (Tenn. 1966). Consequently, unless revived, upon the death of the plaintiff, a lawsuit abates.  Furthermore, the prerequisite to revive an action is to file a motion for substitution of party within the time mandated by Tennessee Rule of Civil Procedure 25.01.  *Mid-South Pavers, Inc. v. Arnco Construction, Inc.*, 771 S.W.2d 420, 423 (Tenn. Ct. App. Jan. 12, 1989) ("Revivor of an action therefore requires first, entering an order of substitution of parties.").  Accordingly, if a lawsuit is not revived by proper compliance with Rule 25.01, it is abated under the mandatory language of the rule, i.e., "**shall** be dismissed."

Under *Williams*, the trial court erred in failing to dismiss the case with prejudice pursuant to Rule 25.01, once it determined that the failure to move for substitution of party was not the product of excusable neglect.  Instead of enforcing the mandatory language of Rule 25.01, the court stated, in its January 19, 2012 order:

> At the January 5, 2012 hearing the Court further ruled that, pursuant to the authority of **Hamilton v. Cook**, No. 02A01-9712-CV-00324, 1998 WL 704528 (Tenn. Ct. App. Oct. 12, 1998), after the Court orally announced that it would grant Defendant Gerald Green's Motion to Dismiss at the October 13, 2011 hearing, Plaintiff could no longer take a voluntary nonsuit as a matter of right. However, the Court, in the exercise of its discretion ruled that it should grant Plaintiff's [] motion for voluntary dismissal pursuant to Tenn. R. Civ. P. 41.01, the Court finding that plain legal prejudice to Defendants would not result.

Respectfully, the trial court's reliance on **Hamilton** is misplaced. **Hamilton** does not involve the application or operation of Tennessee Rule of Civil Procedure 25.01. Rather, **Williams** is controlling in this case.[3] Under that authority, having determined that there was no excusable neglect so as to enlarge the ninety day time limit, and having determined that no motion for substitution of party was filed within ninety days of the filing of the suggestion of death, Rule 25.01 operates to dismiss the case. Accordingly, the trial court had no discretion or authority to allow revival of the case once it was rendered moribund under Rule 25.01.

For the foregoing reasons, we reverse the order of the trial court and remand for entry of an order of dismissal with prejudice under Tennessee Rule of Civil Procedure 25.01. Costs of this appeal are assessed against the Appellee, Peggy Dobbins, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[3] The trial court's failure to rely on **Williams** is explained by the fact that at the time the trial court made its final ruling, January 19, 2012, the **Williams** opinion had yet to be filed. Indeed, **Williams** was not filed until some eight months later on September 12, 2012. Accordingly, the trial court, unlike this Court, did not have the benefit of the **Williams** opinion when deciding this case.